George W. Herz, J.
This is a motion by the executrix of the now deceased plaintiff for an order of substitution and for an order striking out the answer of the defendant and granting *902 summary judgment in favor of the plaintiff. The defendant cross-moves to dismiss the complaint for lack of prosecution.
The motion was made on August 28,1963, prior to the effective date of the Civil Practice Law and Rules. It was not argued, however, until September 25, 1963. Prior to the enactment of the Civil Practice Law and Rules, there was no statutory limitation upon the time in which a representative of a plaintiff could move for substitution. Case law, however, held that the granting or denying of an application for substitution lay within the discretion of the court and that the question of laches' could be considered in connection therewith. (Meier v. Shively, 10 A D 2d 566.) In the event a representative of the decedent was not substituted, there was no provision in the law for the defendant to move for the dismissal of the action. The defendant’s only remedy was a motion pursuant to section 88 of the Civil Practice Act for an order directing that the action abate.
Sections 1015 and 1021 of the Civil Practice Law and Rules now govern the applicable procedure. The latter section provides, inter alia, that1 ‘ If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made.” (Emphasis supplied.) Thus, it would appear that the rule has not been changed substantially and that the plaintiff’s representative must show a satisfactory excuse for any extensive delay in moving for substitution.
In the Meier case (supra) it would appear that the motion was made seven years after the occurrence out of which the cause of action arose, five and one-half years after the death of the plaintiff and three and one-half years after letters had been issued. The Appellate Division for the First Department affirmed that part of an order of Special Term which had denied the motion for substitution on the ground of laches.
In the instant case, the cause of action, which is based on a promissory note, accrued almost six years prior to the date the motion was made; five and one-half years after the death of the plaintiff and four and one-half years after the appointment of the moving party as executrix. The papers are totally silent with respect to the reason, if any, for this delay.
The motion insofar as it seeks substitution is denied. Insofar as the moving party seeks summary judgment, the motion is denied as moot.
The cross motion to dismiss for lack of prosecution is also denied. Where no representative has been substituted, an action cannot be dismissed for failure to prosecute since an *903 action may not be dismissed for that reason as against one not a party. (Meier v. Shively, supra.) The court is aware that under the afore-mentioned section 1021 of the Civil Practice Law and Buies, the defendant may move for an order dismissing the action for failure to substitute. The instant cross motion, however, was not made pursuant to that section. Since the rights of the movant to commence a new action pursuant to section 205 of the Civil Practice Law and Buies may be different if the action is dismissed for failure to substitute than if it were to be dismissed for lack of prosecution, this court will not deem the defendant’s cross motion to be one for dismissal for failure to substitute. This disposition is, of course, without prejudice to a proper motion to dismiss for failure to substitute.