J. Irwin Shapiro, J.
The defendant the New York World’s Fair 1964HL965 Corporation moves to dismiss the plaintiff Karel De Rijdt’s (plaintiff) purported cause of action against it upon the ground that the said plaintiff has been dead for over two years “ and that his executor or administrator has unreasonably neglected to procure an order substituting himself in place and stead ” of the said deceased.
The affidavit in opposition indicates that in truth and in fact no executor or administrator has been appointed for the deceased.
The claim here is for wages and work performed by the plaintiff. It may be maintained by a personal representative in such manner as it might have been maintained by plaintiff (EPTL 11-3.1, derived from Decedent Estate Law, §§ 116 and 117). In support of its motion to dismiss, the movant relies upon CPLR 1015 (subd. [a]) which provides that “ if a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties ” and CPLR 1021 which provides ‘ ‘ if the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made.”
I have been unable to find any decisions interpreting the scope and effect of CPLR 1021, but there are Appellate Division decisions which hold that Special Term does not have the power of jurisdiction to dismiss the complaint of a decedent where there has been no substitution. (Warren v. Cole, 29 A D 2d 988 [2d Dept.]; Meier v. Shively, 10 A D 2d 566 [1st Dept.] ; Speier v. St. Francis Church, 3 A D 2d 732 [2d Dept.].) These decisions, however, were made in cases where motions were made to dismiss for failure to prosecute or where the complaint was barred by the Statute of Limitations, but the rationale they enunciate should be applied to CPLR 1021.
*545 In Speier (supra) the Appellate Division held that, in the absence of a representative of the deceased before the court, Special Term had no jurisdiction to dismiss the complaint for failure to prosecute, and cited section 478 of the Civil Practice Act which is now incorporated unchanged in CPLR 5016 (subd. [d]). In Meier (supra) the court cited Speier for the proposition that a decedent was not before the court, unless represented, and that therefore Special Term had no power to dismiss for neglect to prosecute stating: ‘ ‘ The action may not be dismissed as against one who is not a party.” To entertain the defendant’s motion here would fly in the face of CPLR 5016 (subd. [d]) which provides: “No verdict or decision shall be rendered against a deceased party ”, CPLR 5016 (subd. [d]) was also cited in Chimenti v. Hertz Corp. (25 A D 2d 562 [2d Dept.]). In Chimenti, the Appellate Division had previously granted a new trial and thereafter the Supreme Court had granted plaintiff’s motion for leave to serve an amended complaint. One of the defendants had died after the first trial, but prior to the motion in Special Term, and substitution had not been made. The court held that Special Term lacked jurisdiction to pass on the motion as to that defendant. Lastly, in Warren {supra), the court held that Special Term lacked jurisdiction to pass on a motion by defendant to dismiss plaintiff’s complaint on the ground that the cause of action was barred by the Statute of Limitations where the plaintiff died prior to the motion and there had been no substitution.
In support of the argument that Special Term does have jurisdiction, it is stated in Weinstein-Korn-Miller, New York Civil Practice (vol. 2, par. 1021.11) that “Apparently under former practice it was improper to move for dismissal of the action where no motion for substitution had been made ”, It goes on to say: ‘ ‘ CPLR 1021 states explicitly that if ‘ substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made.’ * * * A dismissal without the court’s having
acquired jurisdiction over the party who should have been substituted would not be res judicata against him. Injustice can be prevented in the application of the statute of limitations either by applying CPLR 205 * * * or by permitting a -combined motion to be substituted and to reopen the judgment by the person to be substituted.”
In Walker v. Golding (N. Y. L. J., June 22, 1965, p. 14, col. 8, Conlon, J.), the court states that “ that portion of section 1021 concerning dismissals for failure to substitute becomes operative only where substitution is mandatory, pursuant to CPLR 1015, *546 1016 or 1017”. Although the statement from that case was dicta, it is stated in the synopsis of Legislative Studies and Reports (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, following CPLR 1021) that “ The First Report to the Legislature observes that this section applies to all cases of substitution. ’ ’
In Mazzacano v. Jordan (40 Misc 2d 901, 902-903 [Queens County, Herz, J.J) where the plaintiff had died and the executrix moved for substitution, there was a cross motion by defendant to dismiss for lack of prosecution. The court held: ‘ ‘ Where no representative has been substituted, an action cannot be dismissed * * * for that reason against one not a party. (Meier v. Shively, supra.) ” The court went on to say that it was aware ‘ ‘ that under * * * 1021 of the CPLR, the defendant may move for an order dismissing the action for failure to substitute. ’ ’ That statement is dicta in the case since the court did not deem defendant’s cross motion to be one for failure to substitute because ‘ ‘ the rights of the movant to commence a new action pursuant to CPLR 205 may be different if the action is dismissed for failure to substitute than if it were to be dismissed for lack of prosecution ”.
The Mazsacano case (supra) and Weinstein-Korn-Miller, New York Civil Practice (vol. 2, par. 1021.11) seem to indicate that a dismissal for failure to substitute would not prevent the institution of a timely new action pursuant to CPLR 205 by an executor or administrator. These holdings would distinguish a dismissal pursuant to CPLR 1021 from the afore-mentioned Appellate Division cases which concern dismissals for failure to prosecute or those barred by the Statute of Limitations. To sustain the argument in favor of jurisdiction to dismiss the claim of a decedent would necessitate a holding that CPLR 1021 is an exception to the rule laid down by CPLR 5016 (subd. [d]) that “No verdict or decision shall be rendered against a deceased party ’ ’.
While CPLR 5016 (subd. [d]) seeks primarily to prevent a disposition on the merits from being made after a party dies, it evinces a general legislative intent to prevent any injustice from resulting to the cause of the decedent. CPLR 1021, on the other hand, appears specifically to authorize a dismissal of a case against a plaintiff who has died but for whom substitution has not been made “within a reasonable time”. While authorizing the dismissal, however, CPLR 1021 says only that the court “may” direct it, thus leaving the matter in the court’s discretion. Further, the statute makes it incum *547 bent upon the court to determine whether the “ reasonable time ” has passed.
Defendant advises the court that plaintiff has been dead for two years and would have the court hold that a failure to substitute during that period is unreasonable. What is unreasonable in one case, however, may be reasonable in another, and until the court knows why there has been no appointment of a representative and why such representative has not moved to substitute, it is not in a position to determine whether the delay has been unreasonable. The papers before the court on this motion offer no clear basis for such a determination.
A dismissal if granted here may be completely unfair, for the court has no knowledge of the facts surrounding plaintiff’s estate, the circumstances of his death, the possible reasons for a representative not appearing and moving to substitute, or a myriad number of other conditions which might supply an adequate answer for the failure to move. Therefore, the court prefers to treat this application as addressed to the court’s discretion and to dispose of it accordingly.
While it does not seem ideal in our adversary system to impose on a defendant the burden of having a representative appointed for a deceased plaintiff, there is authority (SCPA 1002) and precedent (Cawthorn v. State of New York, 205 Mise. 234) for that very thing, and while it may be unpalatable for a defendant to apply to have someone appointed to prosecute a case against him, it would seem more unfair to those interested in the plaintiff’s estate to dismiss the plaintiff’s cause without their being afforded an opportunity to explain why there has been a delay in moving for the appointment of a representative in the Surrogate’s Court or, if one has been appointed, a substitution in this court. Until there has been such an appointment, the plaintiff’s side is without a spokesman.
Even if the dismissal sought by the defendant on this motion could be constitutionally wrung from CPLK. 1021, it would on the instant facts ignore the motives that produced that statute as well as the discretion it lodges in the court. A dismissal against a deceased plaintiff under-CPLK 1021, if at all permissible, should be saved for a situation in which the court has before it the decedent’s side as well as his adversary’s, and where the court can factually determine that the delay in substitution has indeed been unreasonable.
After a representative has been appointed for the decedent, either upon the initiative of those with interest in the decedent’s estate or upon defendant’s application, there will exist a person on whom defendant’s motion papers for dismissal can be served. *548 Such contested motion will enable the court to determine whether the action should be permitted to go forward or whether it should be dismissed for unreasonable neglect to substitute.
Defendant’s motion here could well be dismissed on the ground that there is no one in existence on whom lawfully to serve notice of it, thus depriving the court of jurisdiction to entertain it. A denial of the motion without prejudice to its later renewal serves the same purpose, however.
Accordingly, the motion is denied without prejudice to renewal.