Vincent F. Nabo, J.
This is a motion to vacate a settlement and dismiss the complaint pursuant to CPLR 1021, on the *545 ground that plaintiff is deceased and there has been no substitution of parties within a reasonable time after the death of the plaintiff. The defendant proceeded by order to show cause which was served upon the attorneys for the deceased plaintiff and upon one, Frieda Fish, who is described as the sole distributee in the general release which was prepared and presented to defendant’s counsel, after the case was settled.
On June 19, 1974, the above-entitled action was settled for $1,000 on behalf of plaintiff after negotiations were conducted before the court. The court had no knowledge at the time the case was settled that plaintiff was deceased. It would appear from defendant’s order to show cause, that it first learned of plaintiff’s demise when plaintiff’s counsel forwarded a general release to defendant’s carrier for payment, executed by Frieda Fish, who was designated as decedent’s daughter and sole distributee. It appears from the affidavit in support of the motion that plaintiff was dead more than two years prior to the settlement of this action.
Subdivision (a) of CPLB 1015 provides as follows: “ Generally. If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of proper parties.” The Supplementary Practice Commentary of McKinney’s Consolidated Laws of New York (Book 7B, CPLB 1015) states in substance that the death of a party to a lawsuit revokes the authority of his attorney to represent him. It goes on to state further that the cases are unclear as to what results if the agent continues to act on behalf of his deceased client. In the cases cited in the commentary where proceedings were continued after death of a party, a representative had been appointed but not substituted, yet the proceedings were held void and of no effect. (See Rosenberg v. Caban, 16 N Y 2d 905.) In the case at bar, there is no evidence that a representative was appointed. Since actions for personal injuries do not abate upon the death of the plaintiff, a substitution of party plaintiff must be effected in order to have a legal representative with authority proceed in the action.
Prior to September 1, 1970 where the event requiring substitution was the death of a party, there was a conflict between the provisions of CPLB 1021 and 'subdivision (d) of CPLB 5016 as to the proper procedure. CPLB 1021 provided among other things that: “ If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made.” However, this appeared *546 to be in conflict with subdivision (d) of CPLR 5016 which provided that: “No verdict or decision shall be rendered against a deceased party.” In the case of De Rijdt v. Straile Co. (58 Misc 2d 543, 547) the court denied defendant’s motion to dismiss the action pursuant to CPLR 1021 with leave to renew on the ground that, until a representative was appointed for decedent’s estate “ plaintiff’s side is without a spokesman.” The court went on to state that the motion was addressed to the discretion of the court and that the court did not have sufficient facts before it to determine whether more than a reasonable time had elapsed. The court went so far as to suggest that if no one interested in plaintiff’s estate moves to have a representative appointed, there are provisions in the law where the defendant may make such application (SCPA 1002).
In order to resolve and clarify this question, the Legislature amended CPLR 1021 and added the following sentence effective September 1, 1970: “ Whether or not it occurs before or after final judgment, if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent’s estate to show cause why the action or appeal should not be dismissed.”
In addition, subdivision (d) of CPLR 5016 was amended effective September 1, 1970 by specifically excepting from the prohibition against rendering a decision against a deceased party, an application made pursuant to CPLR 1021 (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1021.17).
Since service of the papers in this application was made upon Frieda Fish, who is described as, and alleged to be, the daughter and sole distributee of the deceased, as well as upon Schrager & Schrager, Esqs., the attorneys for the deceased plaintiff, and no affidavit was interposed in opposition to this motion, the court has no alternative but to vacate the settlement and dismiss the action. There has been no evidence submitted to the court with reference to the failure to apply for substitution of plaintiff, within a reasonable time after the party’s death, as required in CPLR 1021. A copy of this order, with notice of entry thereof, shall be served upon said Frieda Fish and Schrager & Schrager, Esqs., at the addresses set forth in the moving papers.
Should a representative be appointed for decedent’s estate, said representative may then move to vacate this judgment upon compliance with the provisions of the CPLR.