■ CAREL ALMO SERVICE, INC., Plaintiff, v ROBERT WEISSKOPF, Defendant. ROBERT WEISSKOPF, Respondent-Appellant v MANHATTAN DIRECT MAIL, INC., et al., Appellants-Respondents, et al., Respondent.—Order, Supreme Court, New York County, entered March 2, 1976, unanimously modified, on the law and in the exercise of discretion, to the extent of denying the motion to dismiss the complaint pursuant to CPLR 1021 against defendant-respondent William Dana Miller, deceased, and to permit plaintiff-respondent-appellant Weisskopf, within 20 days of service of the order entered hereon to effect substitution as party defendant for defendant-respondent Miller, deceased, of the executor of the estate of the deceased party, and otherwise affirmed, without costs, and without disbursements, all conditioned upon payment by plaintiff-respondent-appellant Weisskopf to defendants-appellants-respondents of one full bill of costs in Action No. 2 to this point, and, in the event of nonpayment thereof, affirmed outright, without modification, and with one bill of $60 costs and disbursements of this appeal

to defendants-appellants-respondents. The motion to dismiss the appeal of plaintiff-respondent-appellant Weisskopf as academic is denied, without costs. By the terms of the notices of appeal and cross appeal, Action No. 1 (consolidated with Action No. 2) by plaintiff Carel Almo Services, Inc., against defendant Weisskopf plays no part in this appeal and is not here considered. Some 10 months after the death of defendant-respondent William Dana Miller, plaintiff-respondent-appellant Weisskopf noticed an examination of the decedent's executor in plaintiff's action against the decedent and defendants-appellants-respondents Manhattan Direct Mail, Inc., and the decedent's widow, Marie Evers Miller. The suit was for breach of contract in having failed to turn over allegedly purchased stock to Weisskopf, as well as having failed to pay wages for services performed. The individual defendants were sued as principals of the corporation. Countering the notice of examination, defendants moved for dismissal as against the decedent; plaintiff cross-moved for substitution of decedent's court-appointed executor as a party. The motion to dismiss was granted without any stated reason, and the cross motion denied. Though the motion to dismiss was bottomed on CPLR 1021, we are at a loss to understand why it was granted. There had been no showing of prejudice to defendants in the omission to bring about substitution of the executor, and the case had not been calendared. We do, however, consider the delay to have been inordinate in the circumstances shown, and plaintiff has no excuse for the rather ingenuous act of having by-passed statutorily mandated procedure by treating the executor in informal fashion as though he were actually a party. We have imposed conditions accordingly. The issues herein are relatively simple and should reach resolution at an early trial. This, of course, must be preceded by prompt substitution, which, assuming success, may be followed by appropriate procedures to bring about the executor's examination. The dismissal was followed by granting a protective order against the noticed examination of one who, by the first branch of Special Term's decision, was at that moment no longer a party. There is no reason shown, however, to preclude examination of others covered by the notice. A new notice with new dates may be served accordingly. Concur—Birns, J. P., Silverman, Capozzoli and Markewich, JJ.