■ ANDREW J. MILAM, Appellant, v GIBSON & CUSHMAN OF NEW YORK, INC., Respondent. — (No. 10578.) — Order of the Supreme Court, New York County, entered June 20, 1980, unanimously modified, on the law, the facts and in the exercise of discretion to grant the motion to dismiss the action unless (1) plaintiff's attorney pays to defendant $1,000 costs plus the costs of this appeal within 15 days after service of a copy of the order entered herein with notice of entry; and (2) plaintiff serves and files a statement of readiness and note of issue within 15 days after service of a copy of such order with notice of entry. In the event that these conditions are not complied with, the order dismissing the action is affirmed, with costs. (No. 10577.) — Dismissed as nonappealable, without costs. (No. 10579.) — Dismissed as moot, without costs. Plaintiff, a deckhand on a dredge owned by the Gahagan Dredging Corp., was injured in an accident while so employed on September 12, 1967. That action was settled in June, 1973 for the sum of $155,000. In August, 1973, suit was brought on the same claim against defendant, allegedly as charterer of the vessel. On May 28, 1978 plaintiff died. In the period of almost five years which intervened between the commencement of the action and the death of plaintiff, substantially nothing was done to move the action. In June, 1978, defendant, unaware that plaintiff had died, served the 45-day notice[*] authorized by CPLR 3216 (subd [b], par [3]). Thereupon, in July, 1978, plaintiff's attorney moved for a six-month extension of time to file his statement of readiness and note of issue. The motion was based upon the death of his client and the need to have a

---

[*] Effective September 1, 1978 the rule was amended to require a 90-day notice.

personal representative appointed and substituted as plaintiff. Special Term held the motion until the end of January, 1979 and then allowed plaintiff 90 days, or until April 29, 1979, to have the representative appointed and substituted. In January, 1979 plaintiff's attorney again moved for a six-month extension. That motion was denied on March 9, 1979 upon the ground that a motion for substantially the same relief was pending. In fact, however, the first motion for an extension resulted in an additional period of nine months from the making of the motion within which to take the required action. Despite the fact that plaintiff left a widow and four adult children, the Public Administrator was ultimately appointed as plaintiff's administrator. This, however, was not accomplished until May 21, 1980. Plaintiff correctly notes that CPLR 1015 (subd [a]) provides that a claim shall not be extinguished by the death of a party. In such event his legal representatives shall be substituted. However, the time in which this is to be done does not stretch into infinity. Action must be taken seasonably. We find that the reasons offered for this two-year delay between plaintiff's death and the appointment of his legal representative are scarcely persuasive. Notwithstanding this most dilatory conduct (14 years from the date of the accident and almost three years from the date of plaintiff's death), we take note of the strong public policy that litigated matters be disposed of on the merits. Accordingly, we modify to deny the motion to dismiss on the conditions outlined by us. Concur — Ross, J.P., Carro, Bloom, Fein and Lynch, JJ.