■ CHARLES PAUL et al., Appellants, v MORTON ASCHER et al., Respondents. — In an action, *inter alia*, for dissolution of a partnership and an accounting of partnership assets, plaintiffs appeal from an order of the Supreme Court, Nassau County

(Roncallo, J.), dated August 31, 1983, which granted defendants' motion for summary judgment dismissing the action and denied plaintiffs' cross motion for summary judgment directing an accounting.

Order modified, on the law, by (1) deleting the provision denying that branch of plaintiffs' cross motion which sought an accounting as against Ruth Ascher and substituting therefor a provision granting that branch of the cross motion as against her and (2) deleting the word "remaining" from the sentence "Upon the foregoing papers it is ordered that this motion for summary judgment dismissing the remaining cause of action in the complaint, is *granted*" and substituting therefor the word "dissolution". As so modified, order affirmed, without costs or disbursements, except for the provision which denied that branch of plaintiffs' cross motion which sought an accounting as against Morton Ascher, which is declared void, and case remitted to Special Term which shall order substitution of Morton Ascher's estate pursuant to CPLR 1015 (subd [a]), and determine whether plaintiffs are entitled to an accounting as against Morton Ascher's estate.

In July, 1980, plaintiffs commenced the instant action for a dissolution of the partnership with defendants, an accounting of partnership affairs, and monetary damages for alleged conversion. In May, 1981, Special Term dismissed the cause of action for money damages and determined that plaintiffs were entitled to an accounting. No appeal was ever taken from that order. Defendant Morton Ascher's death on July 16, 1982 gave rise to defendants' motion for summary judgment, which motion was granted in the order appealed from. That same order denied plaintiffs' cross motion for summary judgment directing an accounting. No substitution took place as required by CPLR 1015 (subd [a]).

A partnership automatically dissolves upon the death of a partner (Partnership Law, § 62, subd 4). Therefore, that part of the order which dismissed the cause of action for dissolution was proper. However, a surviving partner may still bring an action for an accounting (see *Gardiner v Hyde,* 144 NYS2d 426; *La Russo v Paladino,* 109 NYS2d 627, affd 280 App Div 988, mot for lv to app den 281 App Div 753). Ruth Ascher, as Morton Ascher's nominee in the partnership, can and should be compelled to render such accounting (see *Pace v Perk,* 81 AD2d 444, 454-455; *Marcus v Marcus,* 92 AD2d 887). As for Morton Ascher, it is well settled that where a defendant dies prior to the making of the motion which results in the order appealed from, and where no substitution is made, that order is void insofar as it relates to

such defendant, leaving this court without jurisdiction to hear the appeal on the merits as to the deceased party (see *Byrd v Johnson,* 67 AD2d 992). Litigation should proceed, however, where the failure to substitute is excusable (see *Carel Almo Serv. v Weisskoff,* 58 AD2d 550; *Milam v Gibson & Cushman,* 81 AD2d 555).

The record in the instant case contains no persuasive evidence that plaintiffs were aware of Morton Ascher's death prior to defendants' motion for summary judgment. In addition, there exists a strong public policy that litigated matters be disposed of on the merits (see *Milam v Gibson & Cushman, supra*). In these circumstances, Special Term should have *sua sponte* ordered substitution pursuant to CPLR 1015 (subd [a]). Further we note there has been no prejudice shown from the failure to effect the substitution. We therefore direct that such order be made upon remittal. After such substitution has been made, Special Term should determine whether plaintiffs are entitled to an accounting as against Morton Ascher's estate. Mollen, P. J., Gibbons, Brown and Boyers, JJ., concur.