■ MARIO EGRINI, Respondent, v BROOKHAVEN MEMORIAL HOSPITAL, Appellant.—In an action to recover damages for personal injuries based on medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated September 11, 1986, which denied its motion to dismiss the complaint for failure to substitute the deceased plaintiff's estate as the proper party plaintiff within a reasonable time, and directed the substitution of the executor of the decedent's estate.

Ordered that the order is affirmed, without costs or disbursements.

The explanation proffered by the deceased plaintiff's attorney of record and the attorney representing the executor in the probate proceeding does not satisfactorily explain the entire delay of approximately 2½ years in obtaining letters testamentary, so that the executor of the decedent's estate could be substituted as the proper party plaintiff. Nevertheless, in view of the absence of any showing that the delay prejudiced the defendant (see, Orellana v Malek, 116 AD2d 557; Carel Almo Serv. v Weisskopf, 58 AD2d 550; cf., Dorney v Reddy, 45 AD2d 754), and the strong public policy that matters should be disposed of on the merits (see, Milam v Gibson & Cushman of N. Y., 81 AD2d 555; Paul v Ascher, 106 AD2d 619, 621), the court did not abuse its discretion in denying the defendant's motion to dismiss the action, pursuant to CPLR 1021, and substituting the executor, who received letters testamentary while the motion was pending (see, Rosenfeld v Hotel Corp., 20 NY2d 25; cf., Meier v Shively, 10 AD2d 566; Dorney v Reddy, supra; Mazzacano v Jordan, 40 Misc 2d 901). Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.