■ HELEN SOPCHECK, Respondent-Appellant, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Appellants-Respondents.—In an action to recover damages for medical malpractice, (1) the defendants John Byong-Ho Chang and Robert Barry Swersky purportedly appeal and the Deepdale General Hospital and Long Island Jewish-Hillside Medical Center separately purportedly appeal from stated portions of a decision of the Supreme Court, Queens County (Katz, J.), dated August 15, 1988, (2) the defendants John Byong-Ho Chang and Robert Barry Swersky appeal, as limited by their brief, from (a) so much of an order of the same court, dated October 20, 1988, as denied that branch of their motion which was to dismiss the cause of action asserted by Helen Sopcheck, and (b) so much of an order of the same court, dated April 12, 1989, as, upon reargument, adhered to the original determination in the order dated October 20, 1988, and (3) the plaintiff Helen Sopcheck cross-appeals from so much of the order dated October 20, 1988, as granted the defendants' motion to dismiss the derivative cause of action asserted on behalf of Michael Sopcheck for failure to timely substitute a legal representative.

Ordered that the appeals by Long Island Jewish-Hillside Medical Center and Deepdale General Hospital from the decision dated August 15, 1988, are dismissed for failure to perfect, and because no appeal lies from a decision; and it is further,

Ordered that the appeal by John Byong-Ho Chang and Robert Barry Swersky from the decision dated August 15, 1988, is dismissed, because no appeal lies from a decision; and it is further,

Ordered that the appeal from the order dated October 20, 1988, is dismissed, as that order was superseded insofar as appealed from by the order dated April 12, 1989, made upon reargument; and it is further,

Ordered that the order dated October 20, 1988, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order dated April 12, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendants John Byong-Ho Chang and Robert Barry Swersky.

Inasmuch as almost two years had passed from the death of Michael Sopcheck until the appointment of a representative for his estate, and no reasonable excuse for this inordinate delay was proffered, we conclude that the Supreme Court did not improvidently exercise its discretion in dismissing the derivative cause of action asserted on his behalf based on the failure to make timely substitution of a legal representative (see, CPLR 1015 [a]; *Milam v Gibson & Cushman,* 81 AD2d 555).

Nor did the court improvidently exercise its discretion in denying that branch of the motion by the defendants Chang and Swersky to dismiss the cause of action asserted by Helen Sopcheck. The parties were advised that all activity was to cease until the appointment of a legal representative for Michael Sopcheck. Accordingly, Helen Sopcheck's inaction during the period when the stay was in effect cannot be deemed dilatory or an indication of an intent to abandon her claim (see, *Silvagnoli v Consolidated Edison Employees Mut. Aid Socy.,* 112 AD2d 819), and the defendants' motion to dismiss for failure to prosecute was properly denied. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.