Frank S. McCullough, J.
This action was on the disposition calendar in Trial Term, Part I, and a jury slip was issued. It then developed that the attorney for the defendant Jack Weisberg, who was retained by the defendant’s liability insurance carrier, found out for the first time that this defendant was deceased, and has been for some period of time. The question then arose as to whether or not a representative could be summarily appointed and have the trial proceed without delay. Plaintiffs’ attorney pointed out that he was ready to proceed to trial and had received no notification of the death of the defendant. He argues that, in accordance with CPLR 1015, this court has the power to summarily appoint a representative, and he made oral application that the defendant’s widow, Shirley Weisberg, be appointed and have the trial proceed.
On the other hand, counsel for this defendant pointed out that, because of his position as trial counsel, retained by a liability insurance carrier, he did not have the usual personal attorney-client relationship and he himself was not aware that *697 Mr. Weisberg had passed away until the case came on for trial. He further argues that, again because his retention was to represent the defendant Weisberg, he had no authority to actually appear in the matter and he stated that after being in contact with the widow she had indicated that she would not voluntarily serve as the deceased’s representative in this matter. It was his position that the plaintiff would be obligated to make application to the court on papers to have a representative appointed, and in the event there was no consent to act, that the proposed representative would have to be served with the application and all supporting papers. (McKinney’s CPLR, Cons. Laws of N. Y., Book 7B, CPLR 1015, Supplementary Practice Commentary by Professor Joseph M. McLaughlin; Lewis v. Lewis, 43 Misc 2d 349.)
After a study of the rather meager authorities on the question the court is inclined to agree with the defendant. It would appear that this court has the power to appoint an administrator to act for the deceased. While CPLR 1015 does not say so in so many words, it appears implicit in that section; and in any event the Supreme Court being a court of general jurisdiction, it has been held that it may exercise jurisdiction in many matters where there is concurrent jurisdiction with the Surrogate’s Court. (Matter of Malloy, 278 N. Y. 429; Doscher v. Murphy, 261 App. Div. 263.) This is particularly so where there are unusual or special circumstances requiring immediate action.
One of the few cases on the question is Faulk v. Aware, Inc. (35 Misc 2d 302) and the reasoning used in that case would appear to apply as well to the case at bar. In the Faulk case, after 10% weeks of trial, and just before the court was to charge the jury, one of the defendants died. The court summarily appointed a temporary administrator to protect the rights of the deceased and the case proceeded to a conclusion. The court pointed out that the alternative would be a complete retrial against the deceased’s estate, after a severance, and would undoubtedly be a tremendous burden to the plaintiff, to the deceased’s estate and to the State as well. In this case we do not have such an unusual circumstance, since the trial has not started and there has been nothing shown to the court to indicate any undue prejudice to any party if a representative is appointed in the usual manner. In the Faulk case the court said (p. 312): 11 Substitution before trial of an executor or administrator poses no problem. Nor would there be any problem if a defendant died during a non jury trial, as the trial could be adjourned, to be continued against his representative after appointment and substitution, all prior proceedings being *698 1 valid and operative ’ (Moore v. Hamilton, 44 N. Y. 666, 673).” (Emphasis supplied.)
In view of the foregoing, the court denies the plaintiffs ’ application for a summary appointment of a representative, without prejudice to an application by the plaintiffs in the proper forum for the appointment of a representative to be substituted in place and stead of the deceased, Jack Weisberg, as a defendant to properly defend this action.