Joseph Liff, J.
The petitioner holds the office of Judge of the District Court of Nassau County in the Fourth Judicial District. He brings this special proceeding under subdivision 2 of section *461 He brings this special proceeding under subdivision 2 of section 330 of the Election Law as an aggrieved candidate for the Republican nomination to said office. He asks that the Board of Elections be directed to produce the voting machines and ballots for all of the election districts within the Fourth Judicial District of Nassau County so that a canvass and tally may be made in accordance with the Election Law. He had made a similar application under section 274 of the Election Law and both proceedings were heard at the same time, when it appeared that the recanvass had been completed by the Board of Elections and that they had determined that the petitioner had received a total of 2,783 votes and his successful opponent, the respondent Tese, 3,900. The motion made pursuant to section 274, and insofar as the application made under subdivision 2 of section 330 for the same relief is concerned, are denied as moot, since upon the argument of the motion the petitioner was content to accept the board’s offer to examine the ballots and machines.
In the application under subdivision 2 of section 330 the petitioner also asks that the candidacy of the respondent Carmelo Tese “be set aside as being not a bona fide candidacy”. He asserts that the candidacy is “in violation of public policy, as being part of an illegal and conspiratorial effort to coerce an insurgent judge and to enforce partisan party discipline, in violation of the Canons of Judicial Ethics ” and for further relief.
The petitioner received the designation of the Republican Party organization of this county for the nomination of that party for the office which he seeks. In connection with that designation he was asked to sign the following statement:
I, .....................reside at ................ in the ...............E. D. of the ................A. D. in Nassau County. I am a candidate for the office of................... in the County of Nassau for the primary and general election to be held in the year 1971. I am seeking the designation and nomination of the Republican Party. I support the principles and precepts of the Republican Party. As an inducement for the support of the County Committee of the Republican Party, I hereby agree that I shall not accept the designation or nomination of another political party or independent organization or political body. I am also aware of, and understand, the sanctions which may be invoked by the Republican Party in the event that I accept the designation or nomination of another political party or independent organization or political body.
*462 He refused to sign it and accepted the designation of a minority party. The Republican organization then mounted a “ write-in ” campaign to defeat its designee for the nomination. The ‘ ‘ write-in ’ ’ candidate received a plurality of 1,117.
The legality of the requirement made by the political organization has been sustained (Matter of Yevoli v. Cristenfeld, 29 N Y 2d 591, revg. 37 A D 2d 153 on the dissenting opinion). The petitioner urges, too, that signing the commitment would have been in violation of canons 14, 28 and 30 of the Canons of Judicial Ethics.
We cannot agree. The canons prescribe the conduct which is expected of a Judge in the discharge of his duties as a member of the Bench and prohibit his participation in partisan politics which would give an appearance that his judgment in matters coming before him would be affected by partisanship. The canons recognize that a candidate for judicial office may par- . ticipate in limited political activities consistent with his seeking judicial office.
The petitioner also alleges a conspiracy in that the leaders of his party overtly sought to defeat him for the nomination. Since, as has been said, “ the object of the rules adopted by the respective county committees is to encourage the continuance of a true two-party system and to preserve their own political integrity” (Matter of Yevoli v. Cristenfeld, 37 A D 2d 153, 159, supra), then certainly the members of the political party may take all lawful steps to give effect to their purpose. Moreover, there is no basis for the claim of conspiracy. In general concept, the word indicates a plan arrived at in secret to accomplish an improper or immoral purpose. Webster’s Third New International Dictionary [1963 ed.] gives several definitions of the word. There it is described as an “ illegal, treasonable, or treacherous plan to harm or destroy another person ” or “ to do an unlawful act or use unlawful means ’ ’. According to the petitioner himself the conduct which he describes was never in secret nor was the purpose unlawful (cf. Beardsley v. Kilmer, 200 App. Div. 378, 383, affd. 236 N. Y. 80). The behavior he refers to is the antithesis of conspiracy.
A number of the allegations in the petition are based on hearsay and are unsupported by factual data which would demonstrate any possible success at this .stage of the petitioner’s application. The petitioner has failed to submit to the court any proof of fraud or irregularity or, if there were such, that the result would have been affected thereby and which would justify this court in directing a new primary election (Matter of Ippolito v. Power, 22 N Y 2d 594, 597). In Matter of McQuinness *463 v. De Sapio (9 A D 2d 65, 71), the court in referring to the proof required under subdivision 2 of section 330, said: ‘1 The burden imposed by the statute will be satisfied in this proceeding by a showing (1) that there has been an irregularity, (2) that the result could have been affected thereby, and (3) that because of the irregularity it is impossible to determine one way or the other who rightfully were elected. ’ ’
This the petitioner has failed to do. The petition is dismissed.