■ In the Matter of FRANCIS J. DONOVAN, Appellant, v. BOARD OF ELECTIONS OF NASSAU COUNTY et al., Respondents.— In a proceeding (1) to invalidate the election of respondent Carmelo Tese in the Republican Party Primary Election held on September 14, 1971 as the candidate of said party for the public office of Judge of the District Court of Nassau County, Fourth District, and (2) for other related relief, the appeal is from (a) a judgment of the Supreme Court, Nassau County, entered October 4, 1971, which, *inter alia,* dismissed the petition insofar as it sought to invalidate the candidacy of said respondent, and (b) two orders of the same court, entered October 7, 1971. Judgment and orders affirmed, without costs. No opinion. On the argument of the appeal, appellant stated that he did not desire to press his appeal 'insofar as it was with respect to the recanvass; and therefore we did not reach that issue. Leave to appeal to the Court of Appeals is granted on all the issues other than that as to the recanvass. Hopkins, Acting P. J., Latham, Shapiro, Brennan and Benjamin, JJ., concur. [67 Misc 2d 460.]

## (October 18, 1971)

■ ISAAC BARNES et al., Appellants, v. CHRYSLER LEASING CORP., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Queens County, dated June 3, 1971, which denied their motion to strike the affirmative defense contained in the answer of defendant Chrysler Leasing Corp., without prejudice to renewal of the motion before the Trial Justice. Appeal by plaintiff Smith dismissed, without costs. Order affirmed as to plaintiffs Barnes, with $10 costs and disbursements. It appearing that plaintiff Smith was deceased at the time the motion was made, and no executor or administrator having yet been substituted as a party plaintiff, the appeal taken in his name must be dismissed (cf. *Goldbard* v. *Kirchik,* 20 A D 2d 725). Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.

■ MARIO BIGNAMI, Appellant, v. CARISTO CONSTRUCTION CORP. et al., Respondents, et al., Defendant. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered February 8, 1971, in favor of defendants Caristo Construction Corp. and Alpine Sheet Metal & Ventilating Co., Inc., upon the trial court's dismissal of the complaint on the opening statement of plaintiff's counsel to the jury. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Upon the record before us, which includes the pleadings, as well as the opening statement, it was an improvident exercise of discretion to nonsuit plaintiff on the opening of counsel. The facts as alleged and as presented by counsel are *not* such as to preclude any possibility of recovery (*Rivera* v. *Board of Educ. of City of N. Y.,* 11 A D 2d 7). Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.