Louis B. Heller, J.
Motion by plaintiffs to strike the affirmative defense of the Statute of Limitations, or in the alternative, to vacate the dismissal of a prior complaint by Mr.. Justice Schwartzwald. Defendant, Continental Tennessee Lines, Inc., moves to dismiss the complaint on the ground that the action is time barred.
This action, brought pursuant to EPTL 5-4.1 (formerly § 130 of the Decedent Estate Law) arose out of an accident on July 12, 1969 in the State of Alabama wherein decedent, age 17, lost his life when the automobile in which he was a passenger collided with a bus. It appears that the bus was operated and controlled by Continental Tennessee Lines, Inc. (Tennessee), a Delaware corporation, and owned by Smoky Mountain Stages of North Carolina (Smoky Mountain). Defendant Miller was the bus driver.
The instant action is the fourth in a series instituted by the plaintiffs arising out of the accident, and a chronological review follows:
Action No. 1 was instituted by the plaintiffs on January 6, 1970 against Continental Trailways Bus System and Wendell H. Miller. On February 6, 1970 the defendants moved to dismiss the complaint on jurisdictional grounds. In support of the motion an affidavit was submitted by H. W. Loring, the vice-president and general manager of Continental Tennessee Lines, Inc., in which he stated, inter alia, that Tennessee has 1 ‘ no offices, officers, employees or bank accounts within the City or State of New York”. He further divulged that “ Continental Tevmessee Lines, Inc.” was the operator of the bus described in the complaint and that the bus was owned by “ Smoky Mountain Stages of North Carolina,” and that neither of them operates buses in New York nor does any business in this State. After a hearing, this action was dismissed by Mr. Justice Schwartzwald on June 17, 1970. No appeal was taken from this order.
Action No. 2 was instituted on June 9,1970 against Tennessee, Smoky Mountain, H. W. Loring and others. Process had been served upon Loring while he was attending court from out of *364 State solely to testify on the traverse in Action No. 1. Loring submitted an affidavit dated July 9, 1970 in which he stated, “ Neither Continental Tennessee Lines nor Smoky Mountain Stages has offices, officers, nor agents in the State of New York ”. This action was dismissed by Mr. Justice Rinaldi on September 14,1970. No appeal was taken.
Action No. 3, which is still pending, was instituted on September 21, 1970 by the same plaintiffs against Trailway Travel Bureau Corp., Continental Trailways, Holiday Inns of America, Inc. and Continental Trailway Tours, Inc. Neither Tennessee nor Smoky Mountain is named as'-defendant in this action.
Action No. 4, which is the instant action, was commenced on November 22, 1971, over four months after the statute expired. Plaintiffs served the summons and complaint upon Tennessee’s statutory process agent, the Corporation Trust Company, in New York. Tennessee set up the defense of the Statute of Limitations.
Tennessee contends that the action is time barred under EPTL 5-4.1, which provides for wrongful death actions by administrators. This section states, “ Such an action must be commenced within two years after the decedent’s death.” (emphasis added). Process was served upon Tennessee on November 22, 1971, a period more than two years from the date of death — July 12, 1969.
The plaintiffs argue, in substance, that Tennessee should be equitably estopped from asserting this statutory defense, because it allegedly made ‘ ‘ fraudulent misrepresentations ’ ’ to the effect that it did not have an “ agent ” in this State and “ concealed ” the fact that it had designated a statutory process agent in New York on a prior hearing before Justice Schwabtzwald. That plaintiffs first became apprised of the statutory designation on November 12, 1971 upon receipt of a letter from the Interstate Commerce Commission.
The court finds no merit to plaintiffs’ contentions. As stated in Rosenthal v. Reliance Ins. Co. (25 A D 2d 860, affd. 19 N Y 2d 712), “ The doctrine of estoppel is applied in certain cases to prevent inequitable reliance upon a defense, such as the Statute of Limitations, which might otherwise be a "bar to recovery. The stimulus for its use is conduct by one person inconsistent with a position later adopted by him which is prejudicial to the rights of another who relied on such prior conduct to his detriment (cf. Lynn v. Lynn, 302 N. Y. 193). ” (Emphasis added). In the instant case, the averments by Loring that Tennessee had ‘ ‘ no offices, officers, employees or bank accounts ” in New York nor “ agents ” in this State, when read *365 in context, were obviously for the purpose of showing that Tennessee did not transact or do any business in New York. As a matter of fact, counsel for the plaintiffs in his moving affidavit states, “ a hearing was held before Mr. Justice Schwabtzwald on the issue of transaction of business within this State.” The prior statements by Loring and Tennessee’s counsel were not inconsistent with their present position or statements. It is significant that nowhere do plaintiffs show that Loring or defendant’s counsel were pointedly asked whether or not Tennessee had a “ statutory process agent ” in the State of New York, or stated that they did not have such agent.
The true names of the owner and operator of the bus described in the complaint were given to plaintiffs as early as February, 1970. Plaintiffs delayed making service upon the statutory agent until November, 1971, about 20 months later. No acceptable justification has been offered for this inordinate delay. Plaintiffs were not lulled into inactivity nor is there any claim of a breach of any fiduciary relationship (see Erbe v. Lincoln Rochester Trust Co., 13 A D 2d 211). Moreover, plaintiffs do not allege that the defendant conducted itself in such a way as to mislead them into believing that the time limitation would not be invoked (see Rosenthal, supra). Plaintiffs had more than ample time to ascertain the facts concerning a statutory process agent which, it appears, was appointed in 1961. This information was available at all times. If they elected to sit by and rely upon the defendant, they have only themselves to blame. Under the circumstances herein, there is no basis for invoking the theory of equitable estoppel.
Accordingly, the defendant’s motion is granted and the plaintiffs’ motion is denied.