Arthur W. Lonschein, J.
Is a defendant’s insurance carrier the real party in interest in a lawsuit to recover for personal injuries sustained because of the defendants’ negligent operation of a motor vehicle? The plaintiff in this motion argues for the extention of such a principle enunciated by the Court of Appeals in Gelbman v Gelbman (23 NY2d 434).
Both parties move for summary judgment, the plaintiff seeking to strike that part of the defendants’ answer in which defendants plead that this court has no jurisdiction over them and that the statutory period for commencing such action has expired; the defendants seeking summary judgment on the ground that no service was made on them and the time in which to bring this action has now expired.
Briefly, the facts. The plaintiff claims injuries because of the negligent driving of the defendants on September 27, 1971. Within two weeks of the accident, the plaintiff retained counsel who in turn sent a claim letter to defendants. A week thereafter, on October 20, 1971, the defendants’ insurance carrier acknowledged receipt of the letter and requested proofs of special damages and again sent a similar letter on April 7, 1972. Plaintiff’s attorneys did not reply to the letters but instead, delivered a summons and complaint in this action to a process server who returned to them an affidavit that he served one of the defendants by substituted service September 22, 1972. On September 27, 1972, the summons, complaint and affidavit of service were filed in this court.
No answer was received by plaintiff’s attorneys within the *948 time allowed by law. The next communication between plaintiffs attorneys and the defendants’ insurance carrier came almost two years later when plaintiff’s attorneys inquired of the carrier whether it intended to file an appearance on behalf of its insured. This letter, accompanied with a copy of the affidavit of service was sent one month prior to the running of the Statute of Limitations. Thereafter, and two weeks following the time limit within which to commence this action, the insurance carrier requested copies of the pleadings. Shortly after such receipt by the carrier, the defendants, through their attorney, obviously retained by the carrier pursuant to defendants’ insurance policy, served their answer with the defenses of lack of service and running of the Statute of Limitations, which answer is now sought to be stricken.
A hearing was held by the court in which testimony was taken on the question of service. The court holds that service of the summons and complaint was never made upon the defendants. The plaintiff, through counsel, urges however, that despite this, the action ought not be dismissed for two reasons — first, because the defendants’ carrier being the real party in interest had actual knowledge of the pendency of the suit before expiration of the Statute of Limitations having negotiated with plaintiffs counsel and being in receipt of a paper in the action — the affidavit of service, and should be estopped from asserting the defenses of nonservice and Statute of Limitations on behalf of its insured and, secondly, the carrier’s conduct, in lulling the plaintiff into a false state of security that her claim was pending and that an answer was forthcoming, which conduct was, according to plaintiff, "calculated and devious” should estop them from now interposing the defenses pleaded in the answer.
The plaintiff’s contention that the Court of Appeals’ holding in Gelbman v Gelbman (23 NY2d 434, supra), that the real party in interest is the carrier and that receipt by the carrier of papers in this action estops their insured from claiming a defense of nonservice is without merit. The holding of a carrier being the real party in interest in the Gelbman case was only in the narrow context of permitting an intrafamily tort claim where such a claim was barred previously.
This court does not believe that the Gelbman decision should be taken in broad terms but only in the context of the limited application and holding of that case. Certainly, in no way can it be construed as a signal that an action can be *949 commenced simply by service upon a defendant’s carrier. If the plaintiff sought to commence this action by service upon defendants’ insurance carrier, she could have done so by an ex parte application to the court pursuant to CPLR 308 (subd 5), alleging the impracticality of service otherwise. (Lerman v Church, 54 Misc 2d 402; Todd v Hammer, 59 Misc 2d 147.) However, no such application was made nor is there any contention that the defendants were unavailable for service.
The plaintiff also argues that the carrier’s conduct in lulling her into a false sense of security, done deviously with intent, estops the defendants from raising the defenses now sought to be stricken. In connection with this argument, plaintiff claims the shelter of section 17-103 (subd 4, par b) of the General Obligations Law which gives the court the power to prevent one guilty of inequitable conduct from interposing a defense of Statute of Limitations. The alleged inequitable conduct is the failure of the carrier to answer the inquiry of plaintiff’s counsel made one month prior to the expiration of the Statute of Limitations.
To avail oneself of this provision of the General Obligations Law, an aggrieved plaintiff must show that a defendant wrongfully induced the plaintiff to postpone bringing a suit or fraudulently concealed a cause of action unknown to the plaintiff. (General Stencils v Chiappa, 18 NY2d 125; Rosenthal v Reliance Ins. Co., 25 AD2d 860, affd 19 NY2d 712.)
There can be no such showing in the case at bar. The plaintiff alleges that a suit was brought and in fact relied on an affidavit of service for more than two years after plaintiff first failed to respond to the carrier’s inquiry for more data of her claim and then did nothing for that two years after receiving the affidavit of service from the process server. I find that the carrier did not mislead the plaintiff and that the action of the insurer, that waiting to complain of ineffective service, until after the Statute of Limitations ran, did not estop the insurer from availing itself of the limitation period. (Califano v Citizens Ins. Co. of N. J, 163 Misc 542.) The mere silence of the carrier under the circumstances of the case at bar does not work as an estoppel.
The fact is that plaintiff’s counsel simply slept on the plaintiff’s rights for two years and that simple prudence would have led them to believe that if an answer had not been interposed by a defendant whom they knew to have insurance coverage for that two years, then a question of proper service *950 existed which could have been remedied; and that putting the onus of wrongdoing upon the carrier, for not replying to their letter within the month after they themselves failed to answer or acknowledge two letters sent them by the carrier more than two years before, does not enhance their position.
There is no acceptable justification for the delay. "Plaintiffs were not lulled into inactivity * * * Moreover, the plaintiffs do not allege the defendant^] * * * mislead them into believing that the time limitation would not be invoked * * * Plaintiff had more than ample time to ascertain the facts * * * If they elected to sit by and rely upon the defendant, they have only themselves to blame. Under the circumstances herein, there is no basis for invoking the theory of equitable estoppel.” (Vignari v Continental Tennessee Lines, 70 Misc 2d 362, 365.)
The motion of the plaintiff is denied and the motion of the defendant is granted.