OPINION OF THE COURT
Nicholas A. Clemente, J.
Defendants’ attorney moves for an order striking plaintiffs’ complaint while plaintiffs cross-move for an order striking defendants’ answer and directing defendants’ attorney, inter alia, to furnish a death certificate for defendant Kearse, and have an administrator or fiduciary appointed.
Defendants’ attorney in opposing the cross motion furnishes a certified copy of the death certificate of defendant Kearse which indicates death by gunshot wound on December 31, 1978 with burial in Bamberg, South Carolina. The certificate also indicates that the next of kin reside in South Carolina.
The defendants’ attorney opposes the cross motion by contending that the death of a party revokes the power of the attorney to represent him. This argument would, of course, not only defeat the cross motion but also his own motion.
*176 It would generally follow from the death of Kearse that all proceedings should be stayed pending substitution being made for him (Matter of Jordan v Newman, 78 AD2d 756; Nigro v Perry Truck Rental Corp., 40 AD2d 1019; Barnes v Chrysler Leasing Corp., 37 AD2d 851; Carolan v O’Donnell, 141 App Div 463, 465). The only exception to this stay and the only proceeding which would seem to be permitted in the face of the stay is provided by CPLR 1021 which states: “[I]f the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent’s estate to show cause why the action or appeal should not be dismissed.”
This is a negligence action where the defendants’ attorney has been retained by an insurance carrier who has no real interest in substituting a representative in order for the action to proceed.* Further, because of the insurance factor, the personal representatives, even if amenable to process in this jurisdiction have no real interest in the litigation and might have no objection to the striking of the answer. Thus, the peril of a protracted stay in this case is neither illusory nor hypothetical and contrary to a fair requirement that a person be immediately substituted to proceed with the defense of the action.
The apparent solution depends upon the resolution of the question whether this court has the authority to substitute a person to continue the action in order to avoid undue delay.
At the outset it should be noted that the court has broad discretion to act in matters involving substitution since the court may on its own motion order that there be substitution (2 Weinstein-Korn-Miller, NY Civ Prac, par 1021.04). There is, of course, no question that had the next of kin or plaintiff on notice to the next of kin moved in the Surrogate’s Court for appointment of a temporary administrator for purposes of proceeding with this action that the court could grant such relief (SCPA 702, subd 1; 903, subd 1). The issue, therefore, becomes whether plaintiff should be *177 able to avoid the delay of obtaining letters from the Surrogate’s Court and instead move in this Supreme Court Part for the appointment of a guardian so that the action may continue.
Considered from this perspective it becomes apparent that he may indeed proceed in the Supreme Court (cf. Kucher v Kucher, 60 AD2d 644). As stated in Matter of Malloy (278 NY 429,432): “The Supreme Court is a court of general jurisdiction. It may take the account of a trustee, probate a will, and exercise jurisdiction in many other matters where the Surrogate’s Court also has jurisdiction. The Legislature cannot by statute deprive it of one particle of its jurisdiction, derived from the Constitution”.
Therefore, since the Surrogate’s Court can grant temporary letters of administration, this court can do the same by appointing a guardian to effectively serve as a temporary administrator (cf. Castrovinci v Edwards, 59 Misc 2d 696).
Support for this view is found in the very language of CPLR 1015 (subd [a]), which provides as follows: “Generally. If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties” and CPLR 1021 which states in part that: “A motion for substitution may be made by the successors or representatives of a party or by any party.” Neither section requires that a Surrogate’s Court appointed administrator or executor be substituted but only that a proper party or representative be substituted.
It thus seems futile to send plaintiff to a different forum with indifferent next of kin. The proceedings would be greatly delayed by the jurisdictional requirements of notice to out-of-State persons while this action, meanwhile, would be unfairly dormant.
Accordingly, that portion of plaintiff’s cross motion seeking an order directing defendants’ attorney “to have an administrator or fiduciary appointed by the Surrogate’s Court or other appropriate Court” is deemed a motion for substitution and is granted provided that plaintiff consents that his recovery from defendant Kearse be limited to the amount of his insurance policy. The motion and cross motion are otherwise denied with leave to renew since the *178 action is stayed pending the appointment of the substituted party.
Settle order on notice to the attorneys and on notice, by certified mail, to the next of kin listed in the death certificate.

 It should be noted that defendant’s attorney recognized his obligation to furnish information by supplying the death certificate.