OPINION OF THE COURT
Ira B. Harkavy, J.
Plaintiffs move for an order pursuant to CPLR 1015 directing substitution of the proper parties on behalf of the deceased defendant and/or for the appointment of a guardian to serve as temporary administrator for the deceased defendant. Plaintiffs also move for an order pursuant to CPLR 1021 striking the answer of the defendant for failing to properly and timely substitute the proper parties.
This is an action for personal injuries wherein on or about July 14, 1983, the infant plaintiff was involved in a motor *406 vehicle accident with the defendant, Eleanor Marx, now deceased. On or about August 1987, plaintiffs’ attorneys were advised that the defendant had passed away.
Pursuant to CPLR 1015 (a), "If a party dies and the claim for or against him is not extinguished the court shall order substitution of the proper parties.” The "substitution procedure” is set forth in CPLR 1021 which reads in relevant part, "A motion for substitution may be made by the successors or representatives of a party or by any party. If a person who should be substituted does not appear voluntarily he may be made a party defendant.”
Plaintiffs’ attorneys are under the mistaken impression that it is the sole burden of the defendant’s attorneys to make the motion to effectuate a substitution of the defendant.* The statute clearly states that the motion may be made by "any party”. When the defendant is the party who dies, and no representative seeks to be substituted for him, the plaintiff may seek the appointment of a representative and move that he be substituted as a party defendant. (Castrovinci v Edwards, 59 Misc 2d 696.) Since the defendant in a personal injury action may ultimately be liable to the plaintiff for money damages, it is logical to assume that a representative of decedent’s estate would not jump at the chance to be substituted in the action. Likewise, in addition to the fact that they no longer have a client to represent, defendant’s attorneys would not have any logical reason to promote plaintiff’s lawsuit by making the motion for substitution. The obligation falls upon the plaintiff.
Further, failure to make a proper substitution within a reasonable time from the happening of an event requiring substitution may result in the dismissal of the action. (Mazzacano v Jordan, 40 Misc 2d 901.) If the plaintiff unreasonably delays the motion to appoint and substitute, the court may dismiss the action. (Lynch v Heinbockel, NYLJ, Nov. 4, 1964, at 18, col 5.)
Accordingly, plaintiffs’ motion is denied in its entirety. Plaintiffs’ attorneys are directed to make the appropriate motion in the Surrogate’s Court to have a representative appointed and substituted for the defendant. While the Supreme Court has the power to appoint a personal representa *407 tive and has done so in an emergency, in the ordinary case, the representative should be appointed in Surrogate’s Court. (Castrovinci v Edwards, supra.) If plaintiffs’ attorneys do not have the name of an individual who can be appointed, they should move that the Public Administrator be appointed.
The matter is stayed pending the appointment and substitution.

 Plaintiff is reminded that an attorney’s authorization to represent a litigant ceases upon the death of his client. (Friedlander v Roxy Theatre, 204 Misc 740, affd 283 App Div 860 [1st Dept].)