OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an automobile negligence action, in which the defendant Herbert Schmerler, now deceased, was driving an automobile owned by his wife, Rae Schmerler, sued here as Ray Schmerler. The court was informed of Mr. Schmerler’s demise shortly before this action was to be reached for trial. Since his death caused the action to abate, and no personal representa *47 tive has been appointed who could be substituted, the action was marked off the Trial Calendar. While the court is now informed that the decedent left a will, it does not appear to have been offered for probate, and no proceedings for letters of administration have been commenced in the Surrogate’s Court.
The plaintiff now moves for an order appointing Rae Schmerler as the temporary administrator of the estate of Herbert Schmerler, for the purpose of defending this action, and substituting her as a defendant, nunc pro tune.
The appointment of a temporary administrator is normally obtained in the Surrogate’s Court. This court, however, has the power to make the appointment, and may act to avoid undue delay where the action is otherwise trial-ready. (Harding v Noble Taxi Corp., 155 AD2d 265.) This action is a proper one for the exercise of the court’s power, since it is otherwise trial-ready, and has in fact been reached for trial. It should not be unduly delayed or forced to remain in limbo while the plaintiff, at unnecessary expense, proceeds in the Surrogate’s Court.
Further, it appears that the only asset of the estate which the plaintiffs seek to pursue is the decedent’s contract of insurance with the Aetna Casualty Company. If this is in fact the case, and the plaintiffs do not seek to pursue other assets of the estate in the event of recovering a judgment, then the appointment of a temporary administrator will not infringe upon the jurisdiction of the Surrogate’s Court.
If the plaintiffs execute a stipulation that they will limit their recovery as against the estate of Herbert Schmerler to the insurance coverage available, the court shall appoint a guardian to act as temporary administrator of the estate for the purpose of defending this action.
The remaining question is as to the identity of the guardian, to be named as temporary administrator.
The plaintiff asks the court to impose the duty of temporary administrator upon the decedent’s wife, the defendant Rae Schmerler. There is no authority for the court to do so. While her consent to the appointment would be likely to save expense, she cannot be compelled to assume the duties of a fiduciary. Nieves v 331 E. 109th St. Corp. (112 AD2d 59) is clearly distinguishable, since there the decedent and the administrator spouse were plaintiffs, and the spouse was willing to assume the post.
*48 The court believes that the proper guardian is Michael F. X. Manning, Esq., who had been the attorney for the decedent, is the attorney for Rae Schmerler, and is house counsel for Aetna. It has been held that where a plaintiff seeks to obtain his recovery only from the defendant’s insurance policy, the action really is between him and the insurer. (Gelbman v Gelbman, 23 NY2d 434; but see, Adelman v Friedman, 80 Misc 2d 946.) If the plaintiff stipulates as set forth above, that will be the circumstance here, although the estate of Herbert Schmerler will continue as a nominal defendant.
Therefore, the motion is granted, to the extent that Michael F. X. Manning shall be appointed as guardian to act as temporary administrator of the estate of Herbert Schmerler, deceased, for the purpose of and with his powers limited to defending this action, upon the condition that the plaintiffs stipulate that any recovery against the estate will be limited to the available insurance coverage.