OPINION OF THE COURT
Daniel Palmieri, J.
Plaintiffs motion pursuant to CPLR 1015 for the substitution of a fiduciary as a defendant is denied. Defense counsel recently informed the Court and plaintiff that the named defendant is deceased and pursuant to CPLR 1015 (a) this Court is now divested of jurisdiction and all proceedings are stayed. (Lyon v Melino, 214 AD2d 992 [4th Dept 1995].) Plaintiff has now moved this Court to appoint a substitute defendant and suggests that the decedent’s son be appointed. Plaintiff has not advised the Court of the date of death, whether a fiduciary has *476 been appointed, whether a proceeding is pending for the appointment of a fiduciary or if her proposed candidate for substitution is willing to accept. It does not appear that service of this motion has been made upon anyone other than defendant’s attorney. (See Macomber v Cipollina, 226 AD2d 435 [2d Dept 1996].)
Although this Court has the authority to appoint a fiduciary (Harding v Noble Taxi Corp., 155 AD2d 265 [1st Dept 1989]) such authority should be exercised sparingly, with due regard for the expertise of the Surrogate’s Court in these matters and only in limited circumstances and upon proper notice to interested parties. This case does not warrant the exercise of such jurisdiction.
Surrogate’s Court Procedure Act §§ 702 and 1002 permit the appointment of a fiduciary with limited powers to defend an action, pursuant to the petition of a party in a pending case. Plaintiff has not contended that following such a procedure would be inefficient, time consuming or in any other way prejudicial. (Cf. Batan v Schmerler, 155 Misc 2d 46 [Sup Ct, Queens County 1992].)
CPLR 1015, which permits the substitution of a proper party in the event of death, contemplates that a fiduciary has been appointed and that jurisdiction is obtained over the party whose substitution is sought (Macomber v Cipollina, supra; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR C1021:l, C1021:2, at 236). Here there is no fiduciary to substitute.
For all of the foregoing reasons the motion is denied without prejudice to the making of a proper motion upon the appointment of a fiduciary.