*196 OPINION OF THE COURT
Eileen N. Nadelson, J.
This action arose out of an automobile accident in which plaintiff was allegedly struck by defendant’s motor vehicle. On or about May 24, 2005, defense counsel forwarded a copy of a death certificate for defendant and, as a result thereof, all proceedings were stayed pursuant to CPLR 1015.
Defendant died intestate with no assets of value or any personal affairs requiring the appointment of an administrator, and the family has no intention of ever petitioning for the appointment of an estate fiduciary. No fiduciary has been appointed by the Surrogate’s Court.
Plaintiff now moves to have this court order defendant’s counsel to apply for appointment as a temporary administrator or, in the alternative, appoint defense counsel as the temporary administrator for the limited purpose of defending this action. Plaintiff has agreed to limit his recovery to the available insurance coverage. Defense counsel was retained by defendant’s insurance carrier for the purpose of representing the deceased defendant’s interests in this matter.
No notice of trial has been filed with respect to this action.
It is well settled that the death of a party terminates his attorney’s authority to act and stays the action as to him pending the substitution of a legal representative. (CPLR 1015 [a]; Meehan v Washington, 242 AD2d 286 [2d Dept 1997].) The question presented is whether this court has the authority to substitute a person to continue the action.
Although the Surrogate’s Court is the usual forum for the appointment of estate fiduciaries, it does not have exclusive jurisdiction in these "matters. The Supreme Court is a court of general jurisdiction with the power to appoint a guardian to serve as temporary administrator, and also has broad discretion to act in matters involving substitution. (Harding v Noble Taxi Corp., 155 AD2d 265 [1st Dept 1989].) The Supreme Court also has the power to appoint a guardian to effectively serve as a temporary administrator. (Aptacy v H. J. Giorgi, Inc., 124 Misc 2d 175 [Sup Ct, Kings County 1984].)
However, the Civil Court of the City of New York is a court of limited jurisdiction; its powers are specified in the New York City Civil Court Act. Pursuant to section 212 of that statute, the Civil “[C]ourt shall have all of the powers that the supreme court would have in like actions and proceedings.” Therefore, it *197 would appear that the Civil Court could appoint a temporary guardian in the same manner as Supreme Court in situations in which the Supreme Court would so act. Consequently, this court must determine when and under what circumstances the Supreme Court would appoint a temporary estate fiduciary.
The Supreme Court has exercised its power to appoint temporary administrators when such action avoids undue delay and the case is otherwise trial ready. (Batan v Schmerler, 155 Misc 2d 46 [Sup Ct, Queens County 1992].) The courts have noted that the exercise of this authority should be exercised sparingly, with due regard for the expertise of the Surrogate’s Court in these matters and only in limited circumstances. (Jones v Vetter, 188 Misc 2d 475 [Sup Ct, Nassau County 2001].) The Supreme Court has only exercised this authority in emergency situations, and in ordinary cases the courts have stated that the representative should be appointed in Surrogate’s Court. (Butts v Marx, 148 Misc 2d 405 [Civ Ct, Kings County 1990].)
In this case there is no unusual circumstance that would warrant this court’s appointment of a temporary administrator: the trial has not started, no undue prejudice has been alleged to plaintiff if an administrator were appointed in the usual manner, and defendant died only a few months ago. (Castrovinci v Edwards, 59 Misc 2d 696 [Sup Ct, Westchester County 1969].) Therefore, the court denies plaintiff’s motion to appoint a temporary administrator.
Plaintiff’s alternative request, opposed by defendant’s counsel, is that defendant’s counsel be ordered to apply to the Surrogate’s Court for the appointment of a temporary administrator.
It is not the burden of defendant’s counsel to make a motion to effect a substitution of defendant. Since defendant’s counsel no longer has a client to represent, defendant’s attorneys would have no logical reason to promote plaintiffs lawsuit by seeking the appointment of an administrator. Therefore, plaintiffs attorneys are directed to make the appropriate motion in the Surrogate’s Court to have a representative appointed and substituted for defendant. (Butts v Marx, 148 Misc 2d 405.)
This matter is stayed pending the appointment and substitution.