Hegbeli v Olanescu (2025 NY Slip Op 01770)

Hegbeli v Olanescu

2025 NY Slip Op 01770

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 805171/22|Appeal No. 3968-3969|Case No. 2024-01173, 2024-03626|

[*1]Eugenia Hegbeli, Appellant,
v
Andrea Olanescu, Defendant, The Estate of Serban I. Cocioba, M.D., etc., et al., Defendants-Respondents.

Awad & Baker, PLLC, Uniondale (Jeffrey Hellerman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Steven V. DeBraccio of counsel), for respondents.

Judgment, Supreme Court, New York County (Kathy J. King, J.), entered May 7, 2024, in favor of defendants Estate of Serban I. Cocioba, M.D. (estate) and Aurelia Bilciu Cocioba, as Executor of the Estate of Serban I. Cocioba, M.D. (Aurelia), pursuant to an order, same court and Justice, entered February 22, 2024, which, inter alia, granted their motion to dismiss the complaint as against them and denied plaintiff's cross-motion pursuant to CPLR 1015(a) and 1021 seeking appointment of a temporary administrator for the estate of Serban I. Cocioba, M.D., and substitution of the administrator as a defendant, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff commenced this action alleging medical malpractice by Serban I. Cocioba, M.D., months after Dr. Cocioba had passed away and before any executor or administrator had been appointed. Plaintiff named as defendants the estate of Dr. Cocioba and Dr. Cocioba's wife, Aurelia, in her capacity as executor. The court properly granted the estate and Aurelia's motion to dismiss the action as against them because "[a]n estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity" (Grosso v Estate of Gershenson, 33 AD3d 587, 587 [2d Dept 2006] [internal quotation marks omitted]; see Jordan v City of New York, 23 AD3d 436, 437 [2d Dept 2005]). The court properly denied plaintiff's cross-motion for substitution under CPLR 1015(a) and 1021, because that procedure is available when the action has been commenced against a living defendant who subsequently dies during the pendency of the action (see Marte v Graber, 58 AD3d 1, 2-3 [1st Dept 2008]; Sokoloff v Schor, 176 AD3d 120, 134 [2d Dept 2019]).
Under the circumstances presented, Supreme Court also properly declined to appoint an administrator or executor to act for decedent's estate, and instead deferred to the procedures available to petition Surrogate's Court for appointment of an administrator for decedent's estate (see Carmel v Shor, 250 AD2d 475, 476 [1st Dept 1998]; CPLR 325[e]; Jones v Vetter, 188 Misc 2d 475, 476 [Sup Ct, Nassau County 2001] [Supreme Court's authority to appoint a fiduciary for an estate "should be exercised sparingly, with due regard for the expertise of the Surrogate's Court in these matters and only in limited circumstances"]). Plaintiff demonstrated no unusual circumstances that would warrant avoiding the procedure for petitioning Surrogate's Court to appoint an administrator (see SCPA 1002[1]; Jones at 476; cf. Franco v Estate of Ketterer, 213 AD3d 912, 912-913 [2d Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025