(December 1, 1977)

■ In the Matter of the Estate of SAUL BROWN, Deceased. JOYCE BROWN, Appellant; EVELYN B. PARKER et al., Coexecutors, Respondents.—Decree, Surrogate's Court, New York County, entered on December 28, 1976, unanimously affirmed on the opinion of the Special Referee, without costs and without disbursements. Concur—Kupferman, J. P., Lupiano, Birns and Silverman, JJ.

■ TRACY JOHNSON, an Infant, by Her Mother, BETTY JOHNSON, et al., Respondents, v NELSON GONZALEZ, Defendant, and YIP CAB CORP. et al., Appellants.—Order, Supreme Court, New York County, entered February 11, 1977, granting plaintiffs' motion to strike the answers of the defendants Yip Cab Corp. and Felix Rosa, unanimously modified, on the law, and in the exercise of discretion, to the extent of striking the answers of the defendants Yip Cab Corp. and Felix Rosa unless Yip Cab Corp. pays $250 to plaintiffs' attorney and both defendants-appellants appear for examination within 20 days of entry of the order herein, and otherwise affirmed, without costs or disbursements. In the event that one or both of the defendants fail to appear at the prospective examination, then the answer of the nonappearing party only shall be stricken. In this tort action, issue was joined, and the plaintiffs then served notices to take the depositions of the defendant corporation and the individual defendant Rosa. After several adjournments, plaintiffs moved at Special Term to compel defendants to appear for examination. On August 5, 1976, the date defendants were directed to appear for examination, counsel for the defendant Yip stated that defendant Rosa could not be located. Plaintiffs then made an application at Special Term to strike defendants' answers, which motion was granted to the extent of directing defendants to appear on December 1, and should there be a default in appearance the motion was to be granted. On December 1, the default of Rosa was noted. Special Term, in an order entered February 11, 1977, struck the answers of both Yip and Rosa and directed an inquest. We find that Special Term improvidently struck the answer of Yip. No default on its part was noted, and Rosa was not under its control. Furthermore, Rosa's default was not shown to be willful. Nonetheless, the repeated failures of appearance on the part of the defendants, and the concomitant inconveniences to plaintiffs' counsel, warrant the imposition of sanctions as we have indicated (cf. *Rodriguez v Sklar*, 56 AD2d 537). Concur—Lupiano, J. P., Capozzoli, Lane and Yesawich, JJ.