■ GEORGE T. PIERCY, Appellant, v CITIBANK, N. A., Formerly FIRST NATIONAL CITY BANK, Respondent.—Judgment, Supreme Court, New York County, entered on July 6, 1978, affirmed on the opinion of H. Schwartz, J., at Special Term. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur—Lane, Markewich and Silverman, JJ.

Kupferman, J. P., and Sandler, J., dissent in part in the following memorandum by Kupferman, J. P.: I dissent with respect to the third cause of action sounding in negligence and would deny the motion to dismiss the amended complaint with respect thereto. Inasmuch as the agreement involved was prepared by the defendant, it must be strictly construed against it. The absolution therein provided with respect to action or failure to take action has to do with the investments made or not made, but cannot be used to avoid liability with respect to the contention that there was no or little supervision. Mistakes of judgment are released, but failure even to exercise judgment does not come within such release.

■ TRACY JOHNSON, an Infant, by Her Mother, BETTY JOHNSON, et al., Respondents, v NELSON GONZALEZ, Defendant, and YIP CAB CORP. et al., Appellants.—Order, Supreme Court, New York County, entered May 5, 1978, which, *inter alia,* directed that the action against the defendant Felix Rosa be severed and an assessment of damages against Rosa be held, insofar as appealed from, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the severance and assessment of damages denied, without costs or disbursements. The action, when reached on the Trial Calendar, should be tried against all defendants, with the participation of Rosa limited to that permitted a defaulting defendant upon an inquest in a personal injury action.

The infant plaintiff in this action allegedly was struck by a taxi owned by Yip Cab Corp. and driven by Felix Rosa. The infant was then hit again by a vehicle driven by Nelson Gonzalez. Yip and Rosa had failed to appear for examination before trial and were afforded a final opportunity by this court to do so *(Johnson v Gonzalez,* 60 AD2d 513). Upon Rosa's failure once again to appear, the court directed that the answer of Rosa be stricken, the action against him severed, and that an assessment of damages be held. We would reverse the portion of the order appealed from; namely, the direction of a severance and assessment of damages. Yip Cab Corp., as the owner of the vehicle involved in the accident, would only be derivatively liable for damages, and the amount awarded against each defendant should be the same. A severance of the action against Rosa would possibly produce a contrary result and should not therefore have been granted *(Kilpatrick v Maya,* 14 AD2d 751). In the interest of fairness and economy of time to both the parties and the court, we have directed that the trial be conducted against all the defendants simultaneously with the participation of the defendant Rosa limited to that permitted a defaulting defendant upon an inquest in a personal injury action. Concur—Kupferman, J. P., Sandler, Lane, Markewich and Silverman, JJ.