■ BEATRICE BYRD, Respondnet, v OLIVER JOHNSON et al., Respondents, and SYLVIA ROBERTS, Appellant.—In a negligence action to recover damages for personal injuries, defendant Roberts appeals (1) from an order of the Supreme Court, Kings County, dated February 8, 1978, which denied her

motion for summary judgment and (2) as limited by her brief, from so much of a further order of the same court, dated May 1, 1978, as, upon reargument, adhered to the original determination. Appeals insofar as they pertain to defendant Johnson, dismissed, without costs or disbursements. It appears that the defendant Johnson died prior to the service of the original motion papers. No substitution took place as required by CPLR 1015 (subd [a]). Under these circumstances, the orders as to him are void and the appeals therefrom must be dismissed (see *Hirdes v Fanning,* 40 AD2d 716; *Sowells v O'Neill,* 25 AD2d 668). Appeal from the order dated February 8, 1978, insofar as it pertains to the remaining parties, dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated May 1, 1978 reversed insofar as it pertains to the remaining parties, on the law, without costs or disbursements, and, upon reargument, motion for summary judgment granted. The denial of motions for summary judgment in personal injury actions is based on the existence of genuine issues of fact. Here, the plaintiff made general allegations of negligence against the driver of the car in which she was riding and the owner of the car which was hit. However, she alleged no facts. She did not see the accident. The driver of the car in which she was riding died before he was deposed. The owner of the vehicle which was hit averred that her car was parked at the curb, that she was walking away from her car when she heard the sound of a collision, and that she turned and saw her car jump the curb and uproot the meter. Based on the affidavits of the parties, there is no dispute. Thus, summary judgment should have been granted. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.