■ JAMES GRILLO et al., Respondents-Appellants, v JOSEPH TESE, Defendant. CROCE TESE, Also Known as GRACE TESE, et al., as the Heirs and Distributees of JOSEPH TESE, Deceased, Nonparty Respondents. (Action No. 1.) JAMES P. GRILLO et al., Respondents-Appellants, v CROCE TESE, Also Known as GRACE TESE, et al., as the Heirs and Sole Distributees of JOSEPH TESE, Deceased, Respondents, and ORESTE E. RUSSO, Appellant-Respondent. (Action No. 2.)—In action No. 1, for specific performance of a contract for the sale of certain real property, and in action No. 2, *inter alia,* to recover damages emanating from the breach thereof, Oreste E. Russo, a defendant in action No. 2, appeals from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated July 18, 1983, as, upon his motion to dismiss action No. 2 as against him for failure to state a cause of action, in effect denied that motion, holding that the complaint in that action stated a cause of action against him to recover for prima facie tort, and the plaintiffs in both actions cross-appeal from so much of the same order as (1) upon the application of the defendant heirs and distributees of Joseph Tese, deceased, in action No. 2, held that the complaint in that action failed to state a cause of action against the heirs and distributees, (2) denied that branch of their cross motion which was to consolidate both actions, (3) denied that branch of their cross motion which was to substitute the heirs and distributees of Joseph Tese, deceased, as parties defendant in action No. 1 in his place and stead, and (4) denied that branch of their cross motion which was to

strike the answer of defendant Joseph Tese in action No. 1 for failure to answer certain interrogatories pursuant to a prior order of the same court.

Second and fourth branches of the cross appeal, as set forth above, dismissed. The seventh and ninth decretal paragraphs of the order appealed from are vacated as void. Order affirmed, insofar as otherwise appealed from, with one bill of costs to plaintiffs, payable by defendant Russo, and matter remitted to the Supreme Court, Kings County, with the direction to order the substitution of the personal representative of the estate of Joseph Tese as defendant in action No. 1, pursuant to CPLR 1015 (a). Those branches of the cross motion which sought to consolidate the actions and to strike the answer of the deceased defendant in action No. 1 for failure to answer certain interrogatories should be determined de novo by Special Term after the substitution of the deceased's personal representative.

On or about August 24, 1979, Joseph Tese contracted to sell a parcel of real property to plaintiffs Grillo for $72,000 with $7,200 in earnest money to be held in escrow by Tese's attorney, Oreste E. Russo. In furtherance of the contract, the Grillos obtained a written mortgage commitment, a termite inspection of the premises and a title report. The scheduled closing never occurred, whereupon the Grillos commenced action No. 1 against Tese for specific performance of the contract or, in the alternative, damages for breach of that contract, and filed a lis pendens against the property. Thereafter Joseph Tese died on or about July 8, 1980.

On March 31, 1981, the then attorney for the Grillos was disbarred. On May 11, 1981, Russo was informed of the disbarment of the Grillos' attorney. Notwithstanding that knowledge, on or about June 25, 1981, Russo served said attorney with a notice of motion to vacate the lis pendens and to dismiss action No. 1 for failure to prosecute. On August 12, 1981, an order canceling the lis pendens and discontinuing action No. 1 was granted on default by Justice Arthur S. Hirsch. On or about August 19, 1981, the Grillos served a notice upon Russo as attorney for the defendant in action No. 1 informing him that a new firm of attorneys had been retained to represent them. The heirs and sole distributees of Joseph Tese conveyed the subject property to a third party for $82,000 on or about September 16, 1981.

The Grillos thereafter obtained an order in action No. 1 vacating the order of Justice Hirsch, reinstating the lis pen-

dens, and enjoining the distributees from disposing of the proceeds of the sale. In addition, the Grillos commenced action No. 2 against Russo and the heirs and distributees predicated on a theory of conspiracy to induce a breach of contract. The heirs and distributees of the deceased vendor counterclaimed for damages against the Grillos based on malicious prosecution. Russo's motion for dismissal of the complaint in action No. 2 as against him and the Grillos' cross motion for various relief in both actions were disposed of by Special Term in the order dated July 18, 1983, now under review (although defendant distributees did not formally move for dismissal of the complaint in action No. 2 as against them, Special Term included them in its decision for reasons of judicial economy and as necessarily following upon a resolution of defendant Russo's motion).

Inasmuch as the defendant in action No. 1 died prior to the service of any of the subject motion papers, substitution pursuant to CPLR 1015 (a) was required. Absent the required substitution, those aspects of plaintiffs' cross motion as pertained to action No. 1, i.e., the branches which sought to consolidate both actions and to strike the defendant's answer for failure to answer interrogatories, were not properly before Special Term. Accordingly, the portions of its order which determined those branches of the cross motion were void, and, in any event, since substitution has still not been effected, this court is without jurisdiction to hear and determine the above-stated portions of plaintiffs' cross appeal *(see, Muth v Benjamin,* 109 AD2d 736; *Byrd v Johnson,* 67 AD2d 992).

It is well settled that where a party dies during the pendency of an action, further proceedings are suspended and the court is effectively divested of jurisdiction until proper substitution has been made *(see, Paul v Ascher,* 106 AD2d 619; *Byrd v Johnson, supra; O'Brien v Flynn,* 228 App Div 704). The proper party to be substituted, however, is the decedent's personal representative as opposed to his heirs at law (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1015:2, p 183; CPLR C1021:2, p 224). Accordingly, Special Term properly denied that branch of plaintiffs' motion which sought to substitute the heirs as defendants in action No. 1. The matter is remitted to Special Term with the directive that the decedent's personal representative be substituted pursuant to CPLR 1015 (a). In the event no such representative exists, an appropriate appointment should be made and that individual should be substituted in place of the decedent in action No. 1.

The gravamen of the complaint in action No. 2 is the intentional infliction of harm, without excuse or justification, resulting in special damages to plaintiffs. While inartfully drafted, the complaint sets forth the requisite allegations to sustain a cause of action for prima facie tort against defendant Russo (see, *Luxonomy Cars v Citibank,* 65 AD2d 549, 550). As succinctly expressed in the memorandum decision of Special Term: "Zeal for one's client does not authorize a disregard for the rights of others. Thus when Russo acted to have the lis pendens removed and the specific performance action dismissed notwithstanding Nitsberg's disbarment and in violation of CPLR 321 subd. (c) he acted without justification of any sort and with the sole apparent intention of defeating the Grillos' rights to the property."

We concur with Special Term's finding that plaintiffs have sufficiently alleged a claim for special damages inasmuch as they expended funds in obtaining such prerequisites to their purchase as a termite report, title search and mortgage commitment.

With respect to the defendant heirs and distributees in action No. 2, who were legitimately concerned with selling a deceased relative's real property at a profit, the complaint in that action was properly dismissed as to them for failing to state a cause of action cognizable at law. The record contains insufficient proof of their knowing complicity in the actions of their attorney, defendant Russo. In any event, a cause of action sounding in prima facie tort has not been set forth against them inasmuch as they had an economic justification for their action. Brown, J. P., O'Connor, Weinstein and Kunzeman, JJ., concur.