(August 20, 1987)

■ SANTIAGO PARIS, Respondent, v WATERMAN STEAMSHIP CORPORATION, Appellant.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered January 30, 1986, which granted plaintiff's motion to strike the defendant's answer and which directed an assessment of damages, unanimously reversed, on the law and the facts and in the exercise of discretion, plaintiff's motion is denied, defendant is fined $1,000, the answer is reinstated and the matter is remanded for further proceedings, without costs. In the event the fine is not paid within 30 days of the date of this court's order, the order appealed is affirmed, without costs.

In the middle of a trial that had already been brought to the verge of mistrial on numerous occasions by the deplorable antics of counsel for both sides, plaintiff's counsel leaped to his feet and in the presence of the jury began to accuse defendant's counsel of trickery and deceit. So exercised did plaintiff's counsel become that he began to rip parts of an exhibit. A mistrial was of necessity declared.

Thereafter, it came to light that defendant's counsel, at the time of plaintiff's counsel's outburst, had been attempting to cross-examine the plaintiff, using copies of annual medical examinations performed by plaintiff's union, the Seafarer's International Union (SIU). Despite a stipulation executed by the parties to conduct open disclosure, and the pertinent rules of the CPLR directed toward the same end, defendant's counsel it appeared had, unbeknownst to plaintiff or his counsel, obtained copies of the aforementioned plaintiff's medical records and had then sought to introduce them surreptitiously into the proceeding. Although defendant's counsel initially maintained steadfastly that the records had been received from the plaintiff's camp, subsequent investigation revealed that some years before someone in defendant's counsel's office had subpoenaed the records from the SIU and, indeed, that no one else had sought the records until the time of the judicial subpoena issued by the court in the course of performing its own inquiry of the matter. The court, appropriately appalled by these very serious disclosures respecting the covert manner in which the medical records had been obtained and secreted from plaintiff's counsel despite the parties' stipulation, ruled upon an outstanding motion by plaintiff and determined that defendant's answer should be struck and the matter set down for an inquest as to damages. In so ruling, the court made no express finding that the conduct of defendant's counsel was deliberate. Rather, the factor emphasized by the court in directing that the answer be struck was that the action had already been pending over a decade and that plaintiff had been prejudiced by the delay.

While we take a very serious view of defendant's counsel's apparent failure to honor the rules governing the conduct of discovery and the solemn stipulation entered into by the parties, we do not think that the sanction of striking defendant's answer was appropriate under the circumstances. As noted, the court made no actual finding that defendant's attorney had deliberately engaged in falsification, or that the medical records had been obtained with his knowledge. Without such a finding, the sanction of striking a defendant's

answer is not warranted. *(Oppenheim & Macnow v Worth,* 103 AD2d 687 [1st Dept 1984]; *Citizens Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 92 AD2d 907 [2d Dept 1983]; *Plainview Assocs. v Miconics Indus.,* 90 AD2d 825 [2d Dept 1982]; *Tinkleman v Hudson Val. Winery,* 80 AD2d 894 [2d Dept 1981] [requirement of "clear proof" that defendant's default was willful]; *Johnson v Gonzalez,* 60 AD2d 513 [1st Dept 1977]; CPLR 3126.)

Moreover, we cannot help but observe in assessing the propriety of the sanction imposed, that plaintiff's attorney behaved most inappropriately throughout the proceeding and himself failed to disclose as he should have the identity of an expert medical witness he called to testify.

Last, we do not think that the delay in resolving this case is entirely the fault of defendant's counsel. It should be remembered that, provoked or not, the behavior of plaintiff's counsel in bringing about a mistrial was inexcusable.

Considering the circumstances in their entirety, we think that the most appropriate course is to impose a stiff monetary sanction of $1,000 upon defendant's counsel but to permit the matter to be decided on the merits. Concur—Murphy, P. J., Ross, Asch, Milonas and Rosenberger, JJ.