■ STEMI GORMAN, Individually and as Executrix of BER-

NARD J. GORMAN, Deceased, Respondent, v RUSSELL L. PATTEN-GELL, Defendant, and NEW HAMPSHIRE INSURANCE COMPANY, Intervenor-Appellant.—In an action to recover damages for personal injuries and for wrongful death, the intervenor appeals from an order of the Supreme Court, Dutchess County (Hickman, J.), dated April 27, 1987, which granted the plaintiff's motion to disqualify it from continuing its representation of her and permitted the plaintiff to retain independent counsel at the expense of the intervenor.

Ordered that the order is affirmed, with costs.

The plaintiff, individually as well as in her capacity as executrix, sued the defendant, *inter alia,* to recover damages for the wrongful death of her husband, allegedly as a result of an accident in which the automobile she was driving skidded on ice, swerved into the defendant's lane and collided with his vehicle. In the defendant's answer, he interposed a counterclaim alleging that the injuries sustained by the plaintiff and her husband were due to the negligence of the plaintiff and requested an apportionment of any judgment rendered. The plaintiff forwarded the counterclaim to her insurance company, the intervenor herein, which assigned the law firm of Moran, Spiegel, Pergament and Brown (hereinafter the Moran firm) to defend her. The plaintiff was thereafter apprised by the attorneys representing her in her original lawsuit that the Moran firm had served a "Reply to Counterclaim" on her behalf.

The plaintiff sought disqualification of the Moran firm on the ground that a conflict of interest was created by the firm's continued representation of her. Since her insurance company would not be obligated to pay any money if she was found to be 100% liable for the accident on the counterclaim, it was to its advantage to concede that she was negligent. On the other hand, it would be to the plaintiff's benefit if the defendant was found to be wholly at fault, or even if the fault was apportioned between her and the defendant. The Moran firm was thus faced with a choice: whether to put forth its best effort on behalf of its client, the plaintiff, or on behalf of the insurance company which retained it and paid its fees.

The Moran firm, as evidenced by its affirmation in opposition to the plaintiff's motion and in its brief on appeal, has taken the position that at the very least, the plaintiff was primarily responsible for the accident. Moreover, the Moran firm admitted in its papers that its position was in direct conflict with the plaintiff's position.

Since the interests of the plaintiff and those of her insurance company representing her on the counterclaim are adverse to each other, her continued representation on the counterclaim by the Moran firm creates a conflict of interest requiring its disqualification. The plaintiff is entitled to retain, at her insurance carrier's expense, an attorney with no business connection to her insurance carrier and who will defend solely her interests (see, Code of Professional Responsibility DR 5-101, DR 7-101; EC 5-14, EC 5-15, EC 7-4; *Prashker v United States Guar. Co.*, 1 NY2d 584; *Allstate Ins. Co. v Riggio*, 125 AD2d 515; *Baron v Home Ins. Co.*, 112 AD2d 391). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.