■ ANNE M. HARDING, Respondent, v NOBLE TAXI CORP. et al., Defendants. (Action No. 1.) ANNE M. HARDING, Respondent, v LENOX HILL HOSPITAL et al., Appellants. (Action No. 2.) —Order, Supreme Court, New York County (Eve Preminger, J.), entered April 24, 1989, which denied plaintiff's motion for an order appointing a guardian as temporary administrator for the deceased defendant, Nathan Arnow, in action No. 1 and for substitution of said temporary administrator for Nathan Arnow, and which *sua sponte* severed the cause of action and all cross claims in action No. 1 against Nathan Arnow, unanimously reversed, on the law, and the matter remanded to the Supreme Court and that court directed to rule on the substitution motion, without costs.

Action No. 1 is a personal injury action instituted by plaintiff Harding, a passenger in a taxicab owned by defendant Noble Taxi Corp. and operated by defendant Nicholas Mallen, Jr., who was injured when that cab collided with another taxi that was owned by defendant Jerome Ozner and operated by Nathan Arnow. Plaintiff subsequently commenced a second action sounding in medical malpractice against Lenox Hill Hospital and various doctors for alleged aggravation of the injuries suffered in the collision. The two actions were ultimately consolidated.

In November 1988, shortly before the consolidated cases were ready for trial, plaintiff learned that defendant driver Nathan Arnow had died and made the instant motion for appointment of a guardian to serve as temporary administrator for the deceased defendant, Nathan Arnow, and for the administrator's substitution in place of decedent Arnow.

The IAS court denied the motion for substitution and appointment of a temporary administrator, and instead *sua sponte* ordered the severance of the plaintiff's cause of action and all cross claims against the deceased, Nathan Arnow. In so doing the court erred.

The death of a party divests a court of jurisdiction until a proper substitution has been made. (CPLR 1015 [a]; *Silvagnoli v Consolidated Edison Employees Mut. Aid Socy.*, 112 AD2d

819, 820.) Moreover, any order made between the death of a party and the substitution of a legal representative is void. *(Silvagnoli v Consolidated Edison Employees Mut. Aid Socy., supra.)* Thus, the IAS court was without jurisdiction to order the severance of the action and its order in that regard is void.

Parenthetically, we note that there is no merit to objections by defendants with respect to plaintiff seeking the appointment of a temporary administrator for defendant Arnow in the Supreme Court, as opposed to Surrogate's Court. In so moving for the appointment of a guardian as temporary administrator, and for substitution, the plaintiff was following the procedures outlined in CPLR 1015 (a) and 1021. These statutory provisions do not require the plaintiff to proceed in Surrogate's Court and, indeed, the attendant delays incidental thereto would militate against that procedure. The Supreme Court is a court of general jurisdiction with the power to appoint a guardian to serve as temporary administrator, and that court also has broad discretion to act in matters involving substitution *(see, Aptacy v H.J. Giorgi, Inc.,* 124 Misc 2d 175). Indeed, in order to avoid delay and prejudice in this action which has been pending for some time and was trial ready, there is no special need to proceed in Surrogate's Court and the Supreme Court should have granted the request for the appointment of a guardian as temporary administrator and for substitution, thereby permitting the case to proceed expeditiously.

Since, as indicated, the underlying order herein is void, we cannot address the merits of the order directing severance. Were we to reach that issue, however, we would find the direction for severance to be improvident under the circumstances of this case involving multiple tort-feasors and interrelated claims. The convenience of the parties would certainly not be served by duplicate trials since many of the same witnesses and medical evidence would be involved. Moreover, since defendant Ozner, the owner of the taxi operated by the deceased, would only be derivatively liable for his driver's fault, severance would be particularly inappropriate with its potential for inconsistent verdicts. *(See, Johnson v Gonzalez,* 67 AD2d 842.)

Accordingly, we reverse and remand the matter to the IAS court with a direction that it grant plaintiff's motion for appointment of a guardian as temporary administrator and for substitution of that administrator in place of the deceased

defendant Nathan Arnow. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Smith, JJ.