■ Youssoufa Dieye, Respondent, v Royal Blue Services, Inc., et al., Appellants. [961 NYS2d 478]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated March 5, 2012, as granted those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 1015 (a) for leave to appoint Kimberly von Arx as the temporary administrator of the estate of Edward S. Cleghorn, to substitute her for Edward S. Cleghorn as a defendant, to amend the caption accordingly, and to lift the stay resulting from the death of Edward S. Cleghorn.

Ordered that the order is reversed insofar as appealed from,

on the facts and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 1015 (a) for leave to appoint Kimberly von Arx as the temporary representative of the estate of Edward S. Cleghorn, to substitute her for Edward S. Cleghorn as a defendant, to amend the caption accordingly, and to lift the stay resulting from the death of Edward S. Cleghorn are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

"If a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015 [a]). "A motion for substitution may be made by the successors or representatives of a party or by any party" (CPLR 1021).

"In most instances the personal representative of the decedent's estate should be substituted in the action" (3-1015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 1015.06). However, in the event no such representative exists, an appropriate appointment should be made and that individual should be substituted in place of the decedent (see *Grillo v Tese*, 113 AD2d 871, 873 [1985]; see also *Matter of St. Luke's-Roosevelt Hosp. Ctr.*, 261 AD2d 320, 320-321 [1999]). "In determining who shall be substituted for the decedent, conflict of interest questions may be raised" (3-1015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 1015.06).

Here, the defendant Edward S. Cleghorn died in Jamaica, West Indies, on March 30, 2010, approximately one year after the commencement of this action to recover damages for personal injuries. In November 2011, the plaintiff moved, in effect, pursuant to CPLR 1015 (a) to appoint Kimberly von Arx as the temporary administrator of Cleghorn's estate in order to lift the stay arising from Cleghorn's death and allow the action to proceed. In his moving papers, the plaintiff agreed to limit the amount of recovery sought against the estate to the limits of any insurance coverage available to Cleghorn. The defendants opposed the motion, contending that the Surrogate's Court was the more appropriate forum for the appointment of a temporary administrator. The defendants also argued that the proposed temporary administrator, an attorney retained by their insurance company to defend them in this action, would be operating under a conflict of interest because the insurance company had disclaimed coverage for the subject accident. The Supreme Court granted the plaintiff's motion, and appointed von Arx temporary administrator of Cleghorn's estate.

Contrary to the defendants' contention, the Supreme Court

did not err in exercising its authority to appoint a temporary administrator for Cleghorn's estate instead of requiring the plaintiff to proceed in Surrogate's Court. The Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action (*see Harding v Noble Taxi Corp.*, 155 AD2d 265, 266 [1989]; *see also Grillo v Tese*, 113 AD2d at 873). Here, in view of the plaintiff's agreement to limit the amount of recovery sought to the limits of any insurance coverage available to Cleghorn, his estate will not be adversely affected by the continuation of this action. Under these circumstances, there was no special need for the plaintiff to proceed in Surrogate's Court, and the Supreme Court properly exercised its authority to appoint a temporary administrator to avoid delay (*see Harding v Noble Taxi Corp.*, 155 AD2d at 266).

However, the Supreme Court improperly selected von Arx to be the temporary administrator of Cleghorn's estate. In view of the fact that von Arx was retained by the defendants' insurance company, and that the insurance company has disclaimed coverage for the subject accident, she would be subject to divided loyalties (*see Prashker v United States Guar. Co.*, 1 NY2d 584, 593 [1956]; *Gorman v Pattengell*, 145 AD2d 411, 412 [1988]; *Utica Mut. Ins. Co. v Cherry*, 45 AD2d 350, 354-355 [1974], *affd* 38 NY2d 735 [1975]). Accordingly, we remit the matter to the Supreme Court, Kings County, for the appointment of an appropriate individual to serve as the temporary administrator of Cleghorn's estate (*see Grillo v Tese*, 113 AD2d at 873). Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.