Sfouggatakis v Budget Truck Rental, LLC (2024 NY Slip Op 50214(U))

[*1]

Sfouggatakis v Budget Truck Rental, LLC

2024 NY Slip Op 50214(U)

Decided on March 1, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 1, 2024
Supreme Court, Kings County

Andrew G. Sfouggatakis and Laura Campoverde as Administrators of the Estate of Luis Rogerio Inga Torres and K.D.I.C., an Infant by Her Co-Guardians Andrew G. Sfouggatakis and Laura Campoverde, Plaintiffs,

against
Budget Truck Rental, LLC, Budget Rent a Car System Inc., Avis-Budget Group, Inc., Perfect Car Rental, Inc., Fast Service Wholesale of New York, Inc., Monira Abdel Aziz a/k/a/ Monira Abzahrieh, Mohammad A. Othman, Amnon Kosher Pizza, Inc., and Little Loungers Limited, Defendants.

Index No. 510205/2016

Theodore Pavlounis, Esq., P.C., Brooklyn (Anthony T. Santora of counsel), for Plaintiffs.
Pillinger Miller Tarallo, LLP, Elmsford (Marissa O'Connor of counsel), for Defendants Budget Truck Rental, LLC, Budget Rent A Car System Inc., Avis-Budget Group, Inc., Perfect Car Rental, Inc.
Marshall, Conway & Bradley, P.C., New York City (Joseph Molloy of counsel), for Defendant Amnon Kosher Pizza, Inc.
Lydecker, Melville (Matthew William Biondi of counsel), for Defendant Mohammad A. Othman.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiffs
NYSCEF Doc No. 203: Notice of Motion
NYSCEF Doc No. 204: Affidavit of Theodore Pavlounis, Esq. in Support ("Pavlounis Aff")
NYSCEF Doc No. 205: Summons & Complaint
NYSCEF Doc No. 206: Answer of Budget Truck Rental, LLC, Budget Rent A Car System Inc.
NYSCEF Doc No. 207: Answer of Amnon Kosher Pizza, Inc.
NYSCEF Doc No. 208: Stipulation of Discontinuance
NYSCEF Doc No. 209: Answer of Avis Budget Group, Inc., Perfect Car Rental, Inc., Mohammad A. Othman
NYSCEF Doc No. 210: Answer of Monira Abuzahrieh
NYSCEF Doc No. 211: Third-Party Summons & Complaint
NYSCEF Doc No. 212: Answer of Amnon Kosher Pizza, Inc. to Third-Party Complaint
NYSCEF Doc No. 213: Proof of Death of Mohammad A. Othman
Submitted by Court
NYSCEF Doc No. 215: Stay Order
 Question Presented
May the attorney for a deceased defendant in an action seeking damages for personal injuries and wrongful death resulting from a motor vehicle accident be appointed his temporary administrator and, if so, under what circumstances?

 Background
This action involves a motor vehicle accident on May 5, 2011, when a collision occurred in Brooklyn (Kings County) at Fort Hamilton Parkway and 59th Street. Luis Rogerio Inga Torres was operating a bicycle while delivering pizza for Defendant Amnon Kosher Pizza, Inc. He died as a result of the collision with a vehicle operated by Defendant Mohammad A. Othman, which vehicle was owned by one of the Defendant rental companies. Defendant Othman died in 2019 for reasons unrelated to the accident, but this did not become known to the parties until around the fall of 2023. A stay was imposed by this Court upon being presented with proof of his death. (See generally NYSCEF Doc No. 204, Pavlounis Aff; NYSCEF Doc No. 205, complaint; NYSCEF Doc No. 215, Stay Order.)
Plaintiffs — the Administrators of the Estate of Luis Rogerio Inga Torres and K.D.I.C., his sole infant distributee — now move this Court for an order:
(1) Pursuant to CPLR 1021 directing the attorneys for the Defendant, MOHAMMAD A. OTHMAN, be appointed as temporary Administrator of the Estate of Defendant, MOHAMMAD A. OTHMAN, on the ground that this Defendant is deceased;
(2) Substituting the party Defendant, MOHAMMAD A. OTHMAN, with the Court-appointed representative;
(3) Extinguishing any stay caused by the death of the said Defendant; and
([4]) Granting such other and further relief as this Honorable Court may deem just and proper.
(NYSCEF Doc No. 203, Notice of motion at 1-2.)
Defendants did not oppose Plaintiffs' motion but expressed concern that since the note of issue was filed on October 2, 2023, they would not have enough time to interpose a summary judgment motion once the stay was lifted, in light of the decision in Brill v City of New York (2 NY3d 648 [2004]), which held that the deadline for filing a summary judgment motion after a note of issue is filed is a strict one unless there good cause is shown. In Kings County, it is 60 days (see Kings County Supreme Court Uniform Civil Term Rules, Part C, Rule 6; Goldin v New York and Presbyterian Hosp., 112 AD3d 578 [2d Dept 2013]). In that regard, Defendants Budget Truck Rental, LLC, Budget Rent A Car System Inc., Avis-Budget Group, Inc., and Perfect Car Rental, Inc. ("Car Rental Defendants") had moved to strike the note of issue, as reflected in Motion Sequence No. 11.
During oral argument, the Court expressed its view that good cause was shown to extend [*2]the deadline for filing a note of issue in light of the death of a defendant and the parties agreed that the deadline would be June 1, 2024. Thereupon, Car Rental Defendants withdrew Motion Sequence No. 11.

Discussion
" '[I]t is well established that the dead cannot be sued' " (Matter of Foreclosure of Tax Liens, 165 AD3d 1112, 1116 [2d Dept 2018] [quoting Marte v Graber, 58 AD3d 1, 3 (1st Dept 2008)], abrogated on other grounds Hetelekides v County of Ontario, 39 NY3d 222 [2023]). "If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper person" (CPLR 1015 [a]). "A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction over the deceased party's successors in interest, and such a motion is not a mere technicality" (Matter of Foreclosure of Tax Liens, 165 AD3d at 1116-1117).
The procedures outlined in CPLR 1015 (a) and 1021 [FN1]
permit the Supreme Court to appoint a temporary administrator for a deceased party. As stated in Harding v Noble Taxi Corp. (155 AD2d 265 [1st Dept 1989]), "These statutory provisions do not require the plaintiff to proceed in Surrogate's Court, and, indeed, the attendant delays incidental thereto would militate against that procedure. The Supreme Court is a court of general jurisdiction with the power to appoint a guardian to serve as temporary administrator, and that court also has broad discretion to act in matters involving substitution (see, Aptacy v. Giorgi, Inc., 124 Misc 2d 175). Indeed, in order to avoid delay and prejudice in this action which has been pending for some time and was trial ready, there is no special need to proceed in Surrogate's Court and the Supreme Court should have granted the request for the appointment of a guardian as temporary administrator, and for substitution, thereby permitting the case to proceed expeditiously." (Accord Lambert v Estren, 126 AD3d 942 [2d Dept 2015] [proponent of appointment of temporary administrator by Supreme Court must demonstrate necessity to avoid undue delay and prejudice].)
As long as there is no conflict in interest a deceased party's attorney may be appointed temporary administrator for the purpose of the subject litigation (see Vanarthros v St. Francis Hosp., 234 AD2d 450 [2d Dept 1996]). The concern regarding a conflict of interest was elaborated upon in another Second Department case:
"If a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015 [a]). "A motion for substitution may be made by the successors or representatives of a party or by any party" (CPLR 1021).
"In most instances the personal representative of the decedent's estate should be substituted in the action" (3-1015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 1015.06). However, in the event no such representative exists, an appropriate appointment should be made and that individual should be substituted in place of the decedent (see Grillo v Tese, 113 AD2d 871, 873 [1985]; see also Matter of St. Luke's-Roosevelt Hosp. Ctr., 261 AD2d 320, 320-321 [1999]). "In determining who shall be substituted for the decedent, conflict of interest questions may be raised" (3-1015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 1015.06).
Here, the defendant Edward S. Cleghorn died in Jamaica, West Indies, on March 30, 2010, approximately one year after the commencement of this action to recover damages for personal injuries. In November 2011, the plaintiff moved, in effect, pursuant to CPLR 1015 (a) to appoint Kimberly von Arx as the temporary administrator of Cleghorn's estate in order to lift the stay arising from Cleghorn's death and allow the action to proceed. In his moving papers, the plaintiff agreed to limit the amount of recovery sought against the estate to the limits of any insurance coverage available to Cleghorn. The defendants opposed the motion, contending that the Surrogate's Court was the more appropriate forum for the appointment of a temporary administrator. The defendants also argued that the proposed temporary administrator, an attorney retained by their insurance company to defend them in this action, would be operating under a conflict of interest because the insurance company had disclaimed coverage for the subject accident. The Supreme Court granted the plaintiff's motion, and appointed von Arx temporary administrator of Cleghorn's estate.
Contrary to the defendants' contention, the Supreme Court did not err in exercising its authority to appoint a temporary administrator for Cleghorn's estate instead of requiring the plaintiff to proceed in Surrogate's Court. The Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action (see Harding v Noble Taxi Corp., 155 AD2d 265, 266 [1989]; see also Grillo v Tese, 113 AD2d at 873). Here, in view of the plaintiff's agreement to limit the amount of recovery sought to the limits of any insurance coverage available to Cleghorn, his estate will not be adversely affected by the continuation of this action. Under these circumstances, there was no special need for the plaintiff to proceed in Surrogate's Court, and the Supreme Court properly exercised its authority to appoint a temporary administrator to avoid delay (see Harding v Noble Taxi Corp., 155 AD2d at 266).
However, the Supreme Court improperly selected von Arx to be the temporary administrator of Cleghorn's estate. In view of the fact that von Arx was retained by the defendants' insurance company, and that the insurance company has disclaimed coverage for the subject accident, she would be subject to divided loyalties (see Prashker v United States Guar. Co., 1 NY2d 584, 593 [1956]; Gorman v Pattengell, 145 AD2d 411, 412 [1988]; Utica Mut. Ins. Co. v Cherry, 45 AD2d 350, 354-355 [1974], affd 38 NY2d 735 [1975]). Accordingly, we remit the matter to the Supreme Court, Kings County, for the [*3]appointment of an appropriate individual to serve as the temporary administrator of Cleghorn's estate (see Grillo v Tese, 113 AD2d at 873).
(Dieye v Royal Blue Servs., Inc., 104 AD3d 724, 725-726 [2d Dept 2013]; see also Franco v Estate of Ketterer, 213 AD3d 912 [2d Dept 2023].)
Since there is a question as to whether a law firm — which is not a natural person — as opposed to a single attorney may be appointed a temporary administrator, the better practice would be to appoint a single attorney (see SCPA 707; Fahey v Zissis, 79 Misc 3d 961 [Sup Ct, Bronx County 2023]; Mattison v Mayler, 2022 NY Slip Op 34592[U] [Sup Ct, Kings County 2022]).
In this case, the insurer indemnifying Defendant Othman has not disclaimed coverage and, in fact, provided legal representation for him. There would be no conflict of interest for an attorney in the law firm which defended Othman to also serve as temporary administrator. The interests of Othman's estate, the insurer, and the insurer-retained law firm all coincide. Moreover, the action is at the post-note of issue stage and the imminent need for representation on behalf of Othman's estate, insofar as this lawsuit is concerned, lies in the fact that Court rules require that a motion for summary judgment be made expeditiously.[FN2]
Retaining a stay to enable Surrogate's Court action would only delay matters. The interests of the court system to move cases along to final resolution in this post-Covid era and those of Plaintiffs and Defendants are all aligned in terms of having the instant litigation resolved one way or another. The parties were all in agreement at oral argument that a temporary administrator should be appointed, that he be Matthew William Biondi, of the Lydecker law firm which was representing the interests of Mohammad A. Othman, that dispositive summary judgment motions should be permitted to be made in the upcoming months, and that the liability of Othman's estate should be limited to the coverage provided by the insurance policy covering the vehicle he operated.

 Conclusion
Accordingly, it is hereby ORDERED as follows:
(1) Plaintiffs' motion herein is granted to the extent indicated below.
(2) Matthew William Biondi, of the Lydecker law firm, is hereby appointed Temporary Administrator of the Estate of Mohammad A. Othman, a deceased defendant, for the sole purpose of, and with his powers limited to, defending this action to the extent of available insurance coverage and solely with regard to one asset, the automobile insurance coverage provided by the insurer of the vehicle he operated when the subject May 5, 2011 motor vehicle accident took place, and only until the end of the litigation which has arisen as a result of the accident.
(3) Matthew William Biondi, as Temporary Administrator of the Estate of Mohammad A. Othman for the limited purpose of defending claims against said estate arising from a May 5, 2011 motor vehicle accident, is substituted as a defendant in place of Defendant Mohammad A. Othman.
(4) No claims may be made against the estate of the late Mohammad A. Othman in excess of the [*4]limit of the insurance policy covering the vehicle he operated when the May 5, 2011 motor vehicle accident took place.
(5) The Clerk shall lift the stay currently in place in this action and restore this action to active status.
(6) The caption of this action shall henceforth be amended to read as:

 ------------------------------------------------------------------------------------X
ANDREW G. SFOUGGATAKIS AND LAURA CAMPOVERDE 
 AS ADMINISTRATORS OF THE ESTATE OF LUIS ROGERIO INGA
TORRES and K.D.I.C., AN INFANT BY HER CO-GUARDIANS 
 ANDREW G. SFOUGGATAKIS AND LAURA CAMPOVERDE,                                                                Plaintiffs,                                    
- against -
BUDGET TRUCK RENTAL, LLC, BUDGET RENT A CAR 
 SYSTEM INC., AVIS-BUDGET GROUP, INC., PERFECT CAR RENTAL, INC., FAST SERVICE WHOLESALE OF NEW YORK, 
 INC., MONIRA ABDEL AZIZ a/k/a/ MONIRA ABZAHRIEH, MATTHEW WILLIAM BIONDI, as TEMPORARY 
 ADMINISTRATOR OF THE ESTATE OF MOHAMMAD A. OTHMAN FOR THE LIMITED PURPOSE OF DEFENDING 
 CLAIMS AGAINST SAID ESTATE ARISING FROM A MAY 5, 2011 MOTOR VEHICLE ACCIDENT, MOHAMMAD A. 
 OTHMAN, AMNON KOSHER PIZZA, INC., and LITTLE LOUNGERS LIMITED,                                                                  Defendants.
------------------------------------------------------------------------------------X
(7) Plaintiffs shall file to NYSCEF a completed form EF-22 within ten days of entry of this order.[FN3]
(8) The deadline for a party to file a motion for summary judgment shall be June 1, 2024.
(9) To the extent a jury or Court finds that the Estate of Mohammad A. Othman is liable in an amount in excess of the respective insurance policy coverage for any actions on the part of Mohammad A. Othman with respect to the subject motor vehicle accident, Plaintiffs shall not be entitled to recover same from said Estate, and any judgment against the Estate of Mohammad A. Othman shall be so limited.
(10) The Estate of Mohammad A. Othman, Matthew William Biondi, and the insurance company providing indemnification and legal counsel for any actions on the part of Mohammad A. Othman with respect to the subject motor vehicle accident shall be held harmless for any amounts of money damages found by a jury or the Court in excess of the respective policy coverage indemnifying for said actions of Mohammad A. Othman.
(11) The Court consents to the withdrawal of Motion Sequence No. 11 in this action by the respective movants.
Dated: March 1, 2024
Hon. Aaron D. Maslow

Footnotes

Footnote 1:"A motion for substitution may be made by the successors or representatives of a party or by any party. If a person who should be substituted does not appear voluntarily he may be made a party defendant. If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate. If the event requiring substitution occurs after final judgment, substitution may be made in either the court from or to which an appeal could be or is taken, or the court of original instance, and if substitution is not made within four months after the event requiring substitution, the court to which the appeal is or could be taken may dismiss the appeal, impose conditions or prevent it from being taken. Whether or not it occurs before or after final judgment, if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed." (CPLR 1021.)

Footnote 2:Inasmuch as liability of the Estate of Mohammad A. Othman would be limited to the insurance coverage on the vehicle he operated and the case is trial ready, this Court finds that the need to contact the next of kin on the death certificate would be of no useful purpose (cf. Kastrataj v Blades, 136 AD3d 756 [2d Dept 2016]).

Footnote 3:NYSCEF Form EF-22 can be found at the following link: 
https://iappscontent.courts.state.ny.us/NYSCEF/live/forms/notice.to.county.clerk.pdf.