Crutcher v Yellow Diamond Taxi, LLC (2024 NY Slip Op 51427(U))

[*1]

Crutcher v Yellow Diamond Taxi, LLC

2024 NY Slip Op 51427(U)

Decided on October 20, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 20, 2024
Supreme Court, Kings County

Lee Crutcher, Plaintiff,

against
Yellow Diamond Taxi, LLC, Jerome Scheinowitz, Suzanne Smallfence, and Shaun Beauchene, Defendant.

Index No. 513461/2019

Rubenstein & Rynecki, Brooklyn (Michael Conte of counsel), for Plaintiff.
Baker, McEvoy & Moskovits, Freeport (no appearance at argument), for Defendant Yellow Diamond Taxi, LLC., 
Hinshaw & Culbertson LLP, New York City (Jamal Perry of counsel), for Defendants Suzanne Smallfence and Shaun Beauchene.

Aaron D. Maslow, J.

The following numbered papers were used on this motion [FN1]
, [FN2]
, [FN3]
: NYSCEF Document Numbers [*2]37, 55, 63-65, 67-70.[FN4]

Upon the foregoing papers, having heard oral argument virtually via Teams,[FN5]
and due deliberation having been had, the within motion is determined as follows.
This matter arises out of a motor vehicle accident on March 30, 2019. Two vehicles were involved. One owned by Defendant Yellow Diamond Taxi, LLC was operated by Defendant Jerome Scheinowitz. The other vehicle was owned by Defendant Suzanne Smallfence and operated by Defendant Shaun Beauchene. Plaintiff was a passenger in the latter vehicle and claimed to have sustained serious injuries as a result of a collision between the two vehicles. Plaintiff commenced this action on June 18, 2019.
Defendant Jerome Scheinowitz died on June 25, 2020. On November 24, 2020, the Court (Hon. Lawrence Knipel, J.S.C.) issued a Preliminary Conference Order directing parties to complete depositions by April 7, 2021 and requiring Note of Issue to be filed by July 28, 2021, presumably without the knowledge that Scheinowitz had died. According to Court records, this action was stayed effective September 22, 2021, due to Scheinowitz's death and has been in effect since then. On February 27, 2023, the Court issued an order denying Rubenstein & Rynecki's motion to be relieved as counsel for Plaintiff with leave to renew, due to the stay in this action.
During the pendency of the stay, Defendants Smallfence and Beauchene attempted to resume litigation of this matter by serving a 90-day notice pursuant to CPLR 3216 upon Plaintiff's counsel on February 6, 2024, demanding that prosecution of the action be resumed. Said Defendants now move for dismissal of Plaintiff's complaint and any cross-claims against them, the prosecution not having resumed.
" 'Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a legal representative for the decedent pursuant to CPLR 1015 (a)' (NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214 [2015]; see CPLR 1015, 1021; Vicari v Kleinwaks, 157 AD3d 975, 976 [2018])" (Feurtado v Page, 163 AD3d 926, 927 [2d Dept 2018]). It has been previously held that one cannot serve a CPLR 3216 90-day demand to resume prosecution during a stay (see Santana v Stadium Center, LLC, 83 Misc 3d 1263[A], 2024 NY Slip Op 51027[U] [Sup Ct, Bronx County 2024]), and this Court concurs. Not only does the Court lack jurisdiction to grant the relief sought but any determination on the motion would generally be deemed a nullity (see Fazilov v Acosta, 228 AD3d 910 [2d Dept 2024).
The conundrum of how to proceed with litigation where a party has died has been dealt with on prior occasions by this Court (see Adolphe v Morcillo, 81 Misc 3d 1216[A], 2023 NY Slip Op 51353[U] [Sup Ct, Kings County 2024] [decline to sign order to show cause seeking to withdraw as counsel; if client deceased, then attorney no longer represents her; if alive, mail [*3]service would be for naught as he lost contact with her]; Abdullaev v Cristian, 83 Misc 3d 1249[A], 2024 NY Slip Op 50944[U] [Sup Ct, Kings County 2024] [deceased defendant's attorney lacks standing to make motion to dismiss action due to plaintiff's failure to substitute for deceased defendant; party's death terminates attorney's authority]; Sfouggatakis v Budget Truck Rental, LLC, 82 Misc 3d 1201[A], 2024 NY Slip Op 50214[U] [Sup Ct, Kings County 2024] [deceased defendant's attorney appointed temporary administrator; no conflict of interest as coverage not disclaimed by insurer providing legal representation]; Cacani v Sam Pucciarelli Co., Inc., 78 Misc 3d 1214[A], 2023 NY Slip Op 50225[U] [Sup Ct, Kings County 2023] [service only on deceased plaintiff's attorneys of motion to dismiss action pursuant to CPLR 1021 held insufficient].
Presently, this litigation is at a stalemate. Plaintiff's attorneys no longer wish to represent him, as indicated in their motion to be relived as counsel (Motion Sequence No. 2):
During the course of the litigation of this case it became evident that there is a complete breakdown of the attorney-client relationship.
During the course of discovery, your affirmant's office attempted several times via telephone calls and letters to request the plaintiff's assistance with his lawsuit. Said letters were returned to our office as undeliverable. . . . (NYSCEF Doc No. 55 at 2.)
The Court denied Plaintiff's attorneys' motion to be relived due to the stay. The status quo, therefore, is that Plaintiff's attorneys still bear the ethical responsibility for proceeding with the litigation. Defendants' attorneys would like the action to be dismissed.
The impediment for all concerned is the death of Defendant Scheinowitz. A substitution needs to be made, and persons interested in his estate need to be notified (see CPLR 1021). It behooves all counsel to identify persons interested in the estate of Jerome Scheinowitz. Young Hee Yun is listed on Scheinowitz's death certificate as spouse with an address in Flushing, New York. She would be a person interested in the Scheinowitz's estate.[FN6]
As attorneys for Plaintiff, Rubenstein & Rynecki is charged with moving by order to show cause, with notice to Young Hee Yun, to have the Court appoint a temporary administrator for the purposes of defending this action on behalf of the estate of Jerome Scheinowitz. The temporary administrator could be either Ms. Yun or an attorney in the law firm of Baker, McEvoy & Moskovits, who were attorneys herein for Scheinowitz and remain as attorneys for the vehicle owner, Defendant Diamond Taxi, LLC, or such other attorney as may be acceptable to American Transit Insurance Company, who insured the vehicle operated by Scheinowitz, and Ms. Yun. Once such a temporary administrator is appointed, Rubenstein & Rynecki can move to be relieved as counsel. If such a motion is granted, Plaintiff will have to determine his course of action, and Defendants Suzanne Smallfence and Shaun Beauchene will have an opportunity to again serve a 90-day notice to resume prosecution if they so desire — on either Plaintiff himself or his new attorneys. Should Rubenstein & Rynecki not make a motion to have a temporary administrator appointed, either moving Defendants Smallfence and Beauchene (represented by Hinshaw & Culbertson LLC) or Defendant Yellow Diamond Taxi, LLC may do so.
Accordingly, IT IS HEREBY ORDERED:
(1) The within motion by Defendants Smallfence and Beauchene is denied at this time [*4]because the predicate notice was served while a stay was in effect..
(2) Baker, McEvoy & Moskovits shall notify Rubenstein & Rynecki and Hinshaw & Culbertson LLC of the identities (names and addresses) of any relatives of Defendant Jerome Scheinowitz whom it is aware of, or that it lacks knowledge of any.
(3) Plaintiff, through his attorneys, Rubenstein & Rynecki, shall move by order to show cause, on notice to persons interested in the estate of Defendant Jerome Scheinowitz, to have a temporary administrator appointed for him as provided hereinabove.
(4) In the event that Plaintiff fails to so move within 14 days from entry of this order, Defendants Smallfence and Beauchene (represented by Hinshaw & Culbertson LLC) or Defendant Yellow Diamond Taxi, LLC may do so by order to show cause, on notice to persons interested in the estate of Defendant Jerome Scheinowitz.
(5) Baker, McEvoy & Moskovits shall consult with American Transit Insurance Company for the purpose of identifying an attorney who could serve as temporary administrator for the purposes of defending this action on behalf of the estate of Jerome Scheinowitz.
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Moving Defendants' attorneys misspelled deceased Defendant Jerome Scheinowitz's last name as "Scheninowitz" in the notice of motion (see NYSCEF Doc No. 63, notice of motion, at 1). The above caption reflects the spelling in the caption used in the summons and complaint.

Footnote 2:Baker, McEvoy & Moskovits also represented Defendant Jerome Scheinowitz prior to the latter's death.

Footnote 3:Moving Defendants' attorneys misspelled their client Defendant Suzanne Smallfence's last name as "Smallface" in the notice of motion's caption (see id.). The above caption reflects the spelling in the caption used in the summons and complaint.

Footnote 4:In addition to the papers specifically designated as being submitted on this motion, the Court took notice of the summons and complaint, and the death certificate of Defendant Scheinowitz.

Footnote 5:Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts of oral argument may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 6:Research at the Surrogate's Court or using online databases could potentially identify other relatives to also notice.